No. C-932

## Marcia Y. Roderick v. The City of Colorado Springs

(563 P.2d 3)

Decided April 18, 1977.                    Rehearing denied May 9, 1977.

Morrato, Gueck & Colantuno, P.C., James L. Hammer, Jay L. Gueck, for petitioner.

Horn, Anderson & Johnson, Gordon D. Hinds, Gregory L. Johnson, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to the Colorado Court of Appeals under C.A.R. 50, to review the decision of the El Paso County District Court granting respondent's motion for partial summary judgment. We reverse the district court judgment and remand for further proceedings.

On June 4, 1973, a gas explosion occurred in the business building owned by petitioner Marcia Y. Roderick, which was supplied with natural gas by respondent City of Colorado Springs through its Department of Public Utilities. The explosion extensively damaged the building and its contents and resulted in injury to Robert M. Roderick, Jr. That same day, an insurance adjuster, Roy Hautala, employed by the insurance adjustment firm retained by respondent City of Colorado Springs, commenced investigation of the explosion. During the ensuing ninety days and afterward, Hautala negotiated on behalf of the city with petitioner's attorney and insurance company.

No settlement having been reached, petitioner and Robert M. Roderick, Jr., on October 29, 1974, filed a complaint for damages in district court. The complaint alleged that the explosion had resulted from the city's negligence and breach of warranty in supplying natural gas to petitioner's premises. The city filed motions to dismiss and for partial

summary judgment, claiming that petitioner had failed to notify the city within ninety days of the explosion, as required by section 24-10-109, C.R.S. 1973.

At the hearing on the motions, Roy Hautala testified that he investigated the explosion on June 4, 1973. Later, he began negotiations with petitioner's attorney, Rush R. Young, and her insurance company, although he did not receive authority to settle with them until December 1973. Also in December, he received an itemized damage list from Young. Hautala testified that he relayed the information he received to the city. He testified that he did not recall discussing the statutory notice requirement with Young.

Young testified that he and Hautala discussed the notice requirement in August 1973. Young, realizing that the ninety-day period had almost elapsed, asked Hautala, "Do you want us to break off these discussions and go home and write you a letter?" Hautala responded, according to Young, that such action would be useless or ridiculous since negotiations were already under way.

At the close of the evidence and arguments, the court found that petitioner had failed to give to the city the notice required by statute. The court found that Hautala, retained by the city, "was fully informed of the general nature of the accident and of the general injuries suffered by this particular Plaintiff." The court further found that Hautala and Young had discussed the necessity of notice, but there was no "specific language of waiver" or "of authority with regard to filing that notice." Accordingly, the court ruled that the city was not barred by estoppel or waiver from asserting the defense of lack of notice and it granted summary judgment against petitioner.

I.

C.R.C.P. 56(c) provides that summary judgment may be rendered only if "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." Summary judgment is appropriate "only in the clearest of cases, where no doubt exists concerning the facts," *Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302. In considering a motion for summary judgment, all doubts must be resolved against the movant. *Abrahamsen v. Mt'n States T & T*, 177 Colo. 422, 494 P.2d 1287.

In light of these principles, we believe the district court erred in granting summary judgment on the issues of waiver and estoppel against the city. In our view, there are genuine issues of material fact which preclude the entry of summary judgment for the city.

II.

Section 24-10-109(1), C.R.S. 1973, provides:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a

written notice as provided in this section within ninety days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action."

Here, admittedly, the petitioner failed to provide any written notice whatsoever to the city within ninety days and cannot be said to have substantially complied with the statute. *See Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d 766.

### III.

■ The district court, however, erred in holding, as a matter of law, that the city had neither waived nor was estopped from asserting petitioner's failure to substantially comply with the written notice provisions of the statute. Waiver and estoppel are generally issues of fact for the jury, *Metropolitan Paving Co. v. City of Aurora*, 449 F.2d 177 (10th Cir. 1971); *Lee v. Durango Music*, 144 Colo. 270, 355 P.2d 1083; *Singer Credit Corp. v. Mercer Island Masonry, Inc.*, 13 Wash.App. 877, 538 P.2d 544; and should have been submitted to the jury here.

■ Waiver has been defined as

"the voluntary abandonment or surrender by competent persons of a right known by them to exist, with the intent that such right shall be surrendered and such persons be forever deprived of its benefits. * * *"
*Colo. Bank v. Western Slope Inv.*, 36 Colo.App. 149, 539 P.2d 501.

■ Here, there was evidence that the city, through its insurance adjuster, may have waived its right to statutory notice of petitioner's claim. We note specifically the negotiations with petitioner's attorney during and after the ninety-day period, the settlement offer made by the city after the period had elapsed, and the statements of the insurance adjuster, related by petitioner's attorney but denied by the adjuster himself, that written notice would not be necessary.

In response to the city's contention that Hautala lacked authority to waive the notice requirement, we note only that the doctrine of apparent authority has been invoked against municipal corporations. *Franks v. Aurora*, 147 Colo. 25, 362 P.2d 561. This contention raises yet another factual issue deserving jury consideration.

■ Estoppel may similarly be applicable against municipalities to prevent manifest injustice. *C. F. Lytle Co. v. Clark*, 491 F.2d 834 (10th Cir. 1974); *Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296. In the context of this case, estoppel requires that petitioner reasonably relied to her detriment on words or conduct of the city in failing to give written notice of her claim. *Chamberlain v. Poe*, 127 Colo. 215, 256 P.2d 229. The evidence, while not leading inexorably to a finding of estoppel, certainly does not preclude such a conclusion as a matter of law. *See Wilson v. Denver*, 168 Colo. 43, 449 P.2d 822; *Shafer v. State*, 83 Wash. 2d 618,

521 P.2d 736; *Rabinowitz v. Town of Bay Harbor Islands*, 178 So.2d 9 (Fla. 1965); *City of Waco v. Thralls*, 172 S.W.2d 142 (Tex.Civ.App. 1943). Factual issues such as the reasonableness of petitioner's alleged reliance on representations of the city's insurance adjuster make summary judgment improper here.

The judgment is reversed and the cause remanded for further proceedings consonant with the views expressed herein.

MR. JUSTICE GROVES dissents.

MR. JUSTICE ERICKSON does not participate.