**John David GRAY, Plaintiff-Appellant,**

v.

**REGIONAL TRANSPORTATION DISTRICT, Defendant-Appellee,**

**and**

**Nina J. Zobel, an individual, Defendant.**

**No. 79CA0229.**

Colorado Court of Appeals, Div. I.

Aug. 2, 1979.

Rehearing Denied Aug. 30, 1979.

Certiorari Denied Nov. 5, 1979.

David L. Kofoed, P. C., Scott R. Larson, Roger T. Castle, Denver, for plaintiff-appellant.

Gregory D. Jones, Katherine T. Coolidge, Amy B. Greenfield, Denver, for defendant-appellee.

VAN CISE, Judge.

On September 7, 1977, plaintiff John David Gray was injured while riding on a bus owned by defendant Regional Transportation District (RTD) and operated by its employee, defendant Nina Zobel. Plaintiff commenced this action April 25, 1978. The trial court granted RTD's motion for summary judgment, holding that plaintiff's action against it, a public entity, was barred because he had failed to file with the board

of directors of RTD or its attorney a written notice of the accident within 90 days after the date thereof as required by the Colorado Governmental Immunity Act, § 24–10–109, C.R.S.1973. It further held that RTD had not made any representation or assurances to plaintiff that compliance with the notice requirements of the statute would be unnecessary.

Acting under a C.R.C.P. 54(b) order entered because of the undisposed of claim against Zobel, plaintiff appeals the judgment in favor of RTD. We reverse.

From the affidavits filed by the parties in support of and in opposition to the motion, it appears that the bus driver Zobel prepared and filed with RTD on September 7 a report setting out the details of the accident. By letter dated September 9, 1977, RTD contacted Gray, stating that it had been advised of the accident, requesting him to fill out the enclosed insurance claim form and return it in the enclosed stamped, self-addressed envelope, and further urging Gray to contact the RTD claims office if he had any questions "regarding this form or anything else pertaining to your accident." The letter was signed by the RTD insurance and claims administrator. Gray completed the form and returned it to the RTD claims office on or about October 20, 1977.

Plaintiff stated in his affidavit that he cooperated with RTD in every way possible and was led to believe that he had complied with any and all requirements to protect his legal rights. He further averred that during its investigation RTD's attitude was one which was interpreted by him to mean that he need not proceed in any other manner to protect his legal interests.

RTD admitted on oral argument in this appeal that the contents of the RTD claim form filled out and submitted by plaintiff substantially complied with the requirements of § 24–10–109(2), C.R.S.1973. However, it maintained that, since the form was filed with its claims office rather than with its legal department located at the same address or with its board of directors, its governing body, this filing did not comply with § 24–10–109(3), C.R.S.1973. Since no notice other than this claim form was filed with RTD prior to commencement of the lawsuit, it contends that the action is barred.

■ Plaintiff contends that there are unresolved fact issues as to whether RTD is equitably estopped from asserting the bar of § 24–10–109, C.R.S.1973. We agree.

■ Estoppel may be invoked against public entities to prevent manifest injustice, see *Roderick v. City of Colorado Springs*, Colo., 563 P.2d 3 (1977); *Franks v. Aurora*, 147 Colo. 25, 362 P.2d 561 (1961), and would be appropriate here if plaintiff reasonably relied to his detriment on words or conduct of RTD in filing the notice with a different department of the same organization. The showing made by plaintiff, including the September 9 letter, with instructions to contact the claims office if there were any questions pertaining to the accident, the enclosed form together with stamped, self-addressed envelope, and his allegations as to what he was led to believe, "while not leading inexorably to a finding of estoppel, certainly does not preclude such a conclusion." *Roderick, supra.* Hence, summary judgment should not have been entered.

In view of the disposition of this case on the issue of estoppel, we do not address the merits of plaintiff's other contention for reversal.

Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

COYTE and STERNBERG, JJ., concur.