**CENTER LAND COMPANY, a Colorado Corporation, Pete Yantorno, Frank Yantorno and Carl Yantorno, Plaintiffs–Appellants,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, James M. Vocey, John G. Campbell, Pete M. Mirelez, and Brannan Sand & Gravel Company, Defendants–Appellees.**

No. 79CA0800.

Colorado Court of Appeals, Div. I.

July 24, 1980.

Rehearing Denied Aug. 14, 1980.

Certiorari Denied Nov. 24, 1980.

Miller & Leher, Martin P. Miller, Littleton, for plaintiffs–appellants.

David Berger, Kent Denzel, Commerce City, S. Morris Lubow, County Atty., Brighton, for defendants–appellees.

VAN CISE, Judge.

Plaintiffs, adjacent land owners, appeal the district court's affirmance of the action

of the defendant Board of County Commissioners of Adams County and the individual defendants as the members thereof (the county commissioners) in rezoning land owned by defendant Brannan Sand & Gravel Company (Brannan). We affirm.

Before the district court and on appeal, the only ground for reversal argued by plaintiffs is that the county commissioners lacked jurisdiction to hear and act on the rezoning application because of a failure to give proper notice for the hearing before the planning commission.

The statute pertaining to notice for changes in county zoning is § 30–28–116, C.R.S.1973, which provides:

"From time to time the board of county commissioners may amend the number, shape, boundaries, or area of any district . . . . Any such amendment shall not be made or become effective unless the same has been proposed by or first submitted for approval, disapproval, or suggestions of the county planning commission. If disapproved by such commission within thirty days after such submission, such amendment, to become effective, shall receive the favorable vote of not less than a majority of the entire membership of the board of county commissioners. Before finally adopting any such amendment, the board of county commissioners shall hold a public hearing thereon, and at least thirty days notice of the time and place of such hearing shall be given by at least one publication in a newspaper of general circulation in the county."

There is no statutory provision for notice of planning commission hearings. Even for hearings before the county commissioners, the only notice required by statute is publication. The plaintiffs have not questioned the propriety of the published notice or of any of the proceedings before the county commissioners. Their challenge is directed to the notice of the planning commission hearing.

In § 6.114 of the Adams County zoning regulations, procedures are prescribed for processing rezoning requests. Property owners within 500 feet of the subject property are to receive notice by mail. The record reflects that notices were mailed to these property owners, and, therefore, the plaintiffs received notice of his hearing.

Additionally, the premises must be posted "at least ten days prior to the planning commission hearing with a sign containing the date, time, and place of the hearing, purpose of the hearing, and the phone number and address of the planning department." The property was timely posted with a sign reading as follows:

"PUBLIC NOTICE

Hearing Date
5–11–78

Case No.
ZC–78–85

Notice of public hearing has been set by the Adams County Planning Commission to be heard at 1:30 p. m. in the Adams County Administration Building, 450 South 4th Avenue, Brighton, Colorado 80601, for the following reasons: rezoning and platting from A–1, I–1 and C–5 to MC area to be used for mining and processing sand and gravel Location of property
74th on Washington Street
This will be a public hearing. Any interested parties may attend and be heard. For additional information contact:
Planning Department.
Phone 659–2120, Ext. 217.
Posting date 4–20–78."

Relying on *Holly Development, Inc. v. Board of County Commissioners*, 140 Colo. 95, 342 P.2d 1032 (1959), plaintiffs claimed that this sign did not comply with the regulations. The defects alleged are that the zoning districts were referred to with letters and numerals, e. g. "A–1," "instead of spelled English language."

Plaintiffs' reliance on *Holly Development, Inc., supra*, is misplaced. This case related to whether a published notice of county commissioners' (not a planning commission) hearing complied with what is now § 30–28–116, C.R.S.1973. In the instant

case there is no issue as to the adequacy of the published notice of the county commissioners' hearing.

In *Holly, supra,* the court's holding was: "The record before us shows that even if a layman could understand that this notice related to a proposed zone change, the property in question was in fact not located in an A–2 filing district, but, at the time in question, was in an A–1 farm district. The mixup was due to an earlier change in the zoning resolution which consolidated three farming districts into two districts.

. . . . .

"We conclude that the failure properly to recite that this was a proposed change in the county zoning resolution and failure to give the correct names of the present zone and the proposed future zone are failures to comply with mandatory conditions precedent to the proper exercise of the power delegated to the defendant by statute."

Assuming, without deciding, that the standards set forth in *Holly* concerning the statutory notice by publication of a hearing at the county commissioner level, where the zoning decision can be made, apply equally to a posted notice of a planning commission hearing, where only a recommendation can be given, we conclude that the notice posted on the subject property substantially complied with the *Holly* criteria and the county regulations. It advised that the purpose of the hearing was a proposed zoning change of this property, gave the correct designations of the present zones and the proposed future zones and future use of the property, included the date, time, and place of the hearing, and gave the phone number and address of the planning department. No more was required.

Judgment affirmed.

COYTE and KIRSHBAUM, JJ., concur.