**The People of the State of Colorado, Petitioner-Appellant,**

**In the Interest of K. A. J., A Child, And Concerning, M. J. and M. A. J., Respondents-Appellees.**

No. 81CA0028.

Colorado Court of Appeals,
Div. II.

Aug. 6, 1981.

Rehearing Denied Aug. 27, 1981.

Patrick R. Mahan, Jefferson County Atty., Gay B. Ummel, Asst. County Atty., Golden, for petitioner-appellant.

Fasing & Fasing, P. C., Timothy L. Fasing, Lakewood, for respondent-appellee M. J.

John L. Livingston, Lakewood, for respondent-appellee M. A. J.

PIERCE, Judge.

The People appeal from the granting of a summary judgment in this dependent and neglected child proceeding. The basis of the trial court's order was that no genuine issue of fact remained to be determined. We reverse.

■ The issue presented to the court by the initial petition was whether the child had been subjected to an incestuous relationship with her father. Depositions submitted with the motion for summary judgment indicate that the child had made sev-

eral detailed statements to other witnesses regarding the incestuous relationship and had provided considerable detail as to the manner and time of the incidents which allegedly took place over most of the child's lifetime. These statements were confirmed in an initial deposition taken from the child but were recanted in later depositions. The trial court rejected the statements on the ground that they were hearsay. We do not agree. *Colorado Rules of Evidence* 801(d)(1)(A) states:

> "A statement is not hearsay if ... (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony ...."

The record before us indicates that the child would be available as a witness at the trial of the matter and would be subject to cross-examination. If her testimony would continue to be a denial of the incest, her prior statements would be admissible to create a fact dispute to be resolved by the trier of fact. *Moses v. Moses*, 180 Colo. 397, 505 P.2d 1302 (1973). Therefore, summary judgment was not proper. *See Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978); *Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977).

The depositions presented here did contain evidentiary material which, if the affiant were in court and testifying on the witness stand, would be admissible. Therefore, the requirements of C.R.C.P. 56 were met.

Because the depositions regarding the statements of the child created a factual dispute, we need not discuss the admissibility of evidence presented in other affidavits by other prospective witnesses, as the admissibility of their testimony may be ruled on at trial by the application of *Colorado Rules of Evidence* 702, 801 and 803.

The summary judgment of the trial court is reversed and the cause is remanded to the district court to proceed with trial.

STERNBERG and TURSI, JJ., concur.