**HALLMARK BUILDERS AND REALTY, a Colorado corporation, Plaintiff-Appellee,**

v.

**CITY OF GUNNISON, a Municipal corporation, Defendant-Appellant.**

No. 81SA319.

Supreme Court of Colorado, En Banc.

Sept. 7, 1982.

Ranous & Stern, P.C., Karl Ranous, J. Steven Patrick, Gunnison, for plaintiff-appellee.

C. Patrick Carrico, Gunnison, for defendant-appellant.

LOHR, Justice.

The City of Gunnison (Gunnison) appeals from an order of the Gunnison County District Court declaring a Gunnison municipal zoning ordinance invalid because the notice of public hearing published in connection with the adoption of that ordinance was inadequate. We affirm.

### I.

The present action arises from a request for rezoning of certain property located in Gunnison from R–2 Residential (R–2) to R–3 Residential (R–3). This application was filed by the predecessors-in-interest of the appellee, Hallmark Builders and Realty, Inc. (Hallmark). The Gunnison Planning and Zoning Commission (Commission) and the Gunnison City Council (Council) considered the application, and the Council thereafter denied it.

Hallmark, as successor-in-interest to the original applicants, then filed a complaint containing two claims for relief. The first claim sought C.R.C.P. 106 review of the Council's action in denying the rezoning application; alleged that the Council's action was arbitrary and capricious; and requested the trial court to enter an order directing the Council to grant the requested rezoning. The second claim requested a declaratory judgment striking down Gunnison Ordinance No. 7, Series 1978 (1978 ordi-

nance), a zoning ordinance limiting construction of residences within R–2 districts to no more than two dwelling units per structure or lot. Hallmark alleged that this ordinance was invalid because the public hearing held by the Commission in connection with adoption of the ordinance was not preceded by adequate notice informing the public of the proposed use change in R–2 districts.

The facts underlying adoption of the 1978 ordinance were stipulated by the parties and can be briefly summarized. A comprehensive zoning ordinance containing two residential zones, R and R–G, was adopted by Gunnison in 1964. In the R zone, only one dwelling unit per lot was permitted, while both single- and multiple-family residential dwellings were allowed in the R–G zone without limitation on the number of dwelling units per lot. In 1972, Gunnison enacted an ordinance which substituted an R–1 designation for those areas previously zoned as R; replaced the R–G classification with a zone denominated R–2; and created a new R–3 zone. Multiple-family residential dwellings, without specific limitation as to number, were permitted in both R–2 and R–3 zones. Under this ordinance, the prop-

erty subsequently acquired by Hallmark was located in an R–2 district.

On June 28, 1978, an ordinance was introduced before the Council providing that single-family and multiple-family residential dwellings in an R–2 zone were not to exceed two dwelling units in a single structure or on a single lot. On the same day, the ordinance was passed on the first of two required readings, ordered published, and referred to the Commission for a hearing and recommendation.

On July 3, 1978, two notices were published adjacent to each other in the Gunnison Country Times, a newspaper of general circulation in Gunnison County. The first was a notice by the Commission stating that it would hold a public hearing on August 3, 1978, concerning "an ordinance amending the zoning title of the City of Gunnison with respect to permitted uses in the R–2 Residential Zone."[1] The second notice was by the Council and stated that an ordinance concerning permitted uses in the R–2 zone of the Gunnison zoning title had been "introduced, read, passed and ordered published this 28th day of June 1978." The Council notice set out the provisions of the amending ordinance in full.[2]

---

1. The notice stated in full:

CITY ZONING TITLE
AMENDMENT
HEARING
Notice of Public Hearing
June 30, 1978

Please take notice that the Planning and Zoning Commission will hold a Public Hearing at 7:00 P.M. on August 3, 1978, in the Council Chambers of the Municipal Building at 201 West Virginia Avenue, Gunnison, Colorado.

The Public Hearing concerns an ordinance amending the zoning title of the City of Gunnison with respect to permitted uses in the R–2 Residential Zone.

Ruth Welch, Chairman
Planning and Zoning Commission
City of Gunnison

This notice of public hearing was required under the Gunnison Code, which provides in pertinent part:

Before any amendment to the Map or written text is certified by the City Planning Commission, a public hearing shall be held, notice of which shall be published at least thirty (30) days prior thereto in at least one (1) newspaper with a general circulation in the area.

Section 11–16–1(D), Official City Code of the City of Gunnison, as amended February 5, 1970, by Ordinance No. 5, Series 1970.

2. The full text of this notice provided:

CITY ZONING TITLE
AMENDMENT
ORDINANCE NO. 7
AN ORDINANCE AMENDING THE ZONING TITLE OF THE CITY OF GUNNISON WITH RESPECT TO PERMITTED USES IN THE R–2 RESIDENTIAL ZONE.
THE COUNCIL OF THE CITY OF GUNNISON, COLORADO, ORDAINS:

*Section 1.* This Ordinance may be cited as "The First Amendment to Gunnison Zoning Ordinance, 1978."

*Section 2.* That Section 11–5–(A) of the *Code of the City of Gunnison shall be* amended to read, as follows:

"(A) Single-family and multiple family residential dwellings not to exceed two dwelling units in a single structure or on a single lot."

INTRODUCED, READ, PASSED AND ORDERED PUBLISHED this 28th day of June, 1978.

/s/ S.J. SANGOSTI
MAYOR

On August 3, 1978, the Commission held the scheduled hearing on the proposed ordinance. Comments from the public were invited at the hearing, but none were received. The Commission then voted to recommend approval of the ordinance, and, on August 9, 1978, the Council acknowledged the recommendation of the Commission and adopted the ordinance, without amendment, on the second and final reading.

Based upon the parties' stipulated facts and their briefs on the applicable law, the trial court entered its order on August 28, 1980. The court first rejected Hallmark's C.R.C.P. 106 attack on the action of the Council in denying the requested rezoning of Hallmark's property. The court next turned to the declaratory judgment action challenging the 1978 ordinance restricting permitted uses in an R–2 zone. It held that the notice published by the Commission was inadequate "because it fail[ed] to describe the contemplated amendment with sufficient particularity to advise a landowner of the specific change under consideration by the Commission." It further held that the notice by the Council published on the same day may have caused confusion in the minds of interested persons who read both notices. The court reasoned that a landowner with property in an R–2 zone who was concerned with his right to construct multiple-family residential dwellings may have read the Council's notice and concluded that the ordinance restricting such a use had already been passed. The landowner might then have assumed that the notice published by the Commission concerned some other change in permitted uses within an R–2 district, and concluded that it would not be useful to attend this Commission hearing relating to other matters not of

concern to him. Based on the inadequacy of the Commission notice and the confusion created by the contemporaneous Council notice, the trial court declared the 1978 ordinance invalid.

Gunnison appealed from the part of the judgment that held the 1978 ordinance void.[3] We affirm because the simultaneous publication of the Commission and Council notices, under the facts of this case, created a serious potential for confusion of interested persons.[4]

I.

Strict compliance with provisions for notice of a public hearing in connection with a zoning ordinance amendment is required. *Holly Development, Inc. v. Board of County Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959). If there are ambiguities in the notice of such a proposed change, these ambiguities should be resolved against the sufficiency of the notice. *Id.; see City and County of Denver v. Eggert,* 647 P.2d 216 (Colo. 1982). Generally, a notice should set forth the information reasonably necessary to provide adequate warning to all persons whose rights may be affected by the proposed action. *Sundance Hills Homeowners Association v. Board of County Commissioners,* 188 Colo. 321, 534 P.2d 1212 (1975); *Holly Development, Inc. v. Board of County Commissioners, supra.* In order to accomplish this purpose, the notice, at a minimum, must give the date, time, and place of the hearing and apprise the public of the subject matter of the hearing and the nature of the proposed zoning change. *Sundance Hills Homeowners Association v. Board of County Commissioners, supra; see Grant v. Board of County Commissioners,* 164 Colo. 69, 432 P.2d 762 (1967);

Gunnison states that the Gunnison Charter requires publication of a proposed ordinance after first reading, and that the above notice was published in order to comply with this Charter requirement.

3. The appeal was initially filed in the Colorado Court of Appeals but was transferred to this court for decision. Hallmark did not appeal from the trial court's determination that the

Council acted properly in denying the rezoning application concerning the Hallmark property and, consequently, that portion of the judgment is not before us.

4. Because we affirm the trial court's judgment on this basis, we need not and do not consider the question of whether the Commission's notice, had it been published alone, would have been sufficient to provide adequate notice to interested persons.

*Center Land Co. v. Board of County Commissioners,* 44 Colo.App. 523, 619 P.2d 782 (1980).

In the present case, the notices published by the Commission and the Council, when read together, were not sufficient to provide the unambiguous notice required under our precedents. In considering the adequacy of a published notice we must be mindful that it is to be interpreted in light of the knowledge of the ordinary layman to whom it is directed. *Holly Development, Inc. v. Board of County Commissioners, supra.* An interested person reading both notices could have been confused as to the purpose of the Commission hearing. The notice published by the Council did not indicate that the Council's action in adopting the ordinance concerned only the first of two required readings. Rather, it stated simply that the amending ordinance had been "introduced, read, passed and ordered published." As a result, an individual reading this notice justifiably could have concluded that the 1978 ordinance was effective. The notice by the Commission did not specifically outline the zoning amendment under consideration, but simply stated that it concerned permitted uses in an R–2 district. Given the uncertainty created by this lack of specificity, and in light of the accompanying notice by the Council indicating final adoption of the 1978 ordinance, a reader reasonably could have concluded that the Commission hearing must have concerned some other proposed zoning change in R–2 districts. Consequently, a person concerned with his right to construct multiple-family residential dwellings in an R–2 district could have determined that the issue of concern to him had already been resolved, and that it would not be fruitful to attend the Commission hearing concerning some other matter.

Our conclusion that the notices, read together, were impermissibly confusing is fortified by the fact that the Commission's hearing notice was published adjacent to the misleading notice of adoption of the 1978 Ordinance. Moreover, the alleged defect in the present case does not arise merely from the failure to include all possible information of interest to an affected person, but from the affirmatively misleading impression created by the notices.

Gunnison asserts that the adequacy of the Commission's notice should be determined independently of the adjacent Council notice, and that the trial court erred in considering the interrelation of the two publications. However, we have previously indicated that a zoning amendment notice that is itself proper may be vitiated by publication of an accompanying, independent notice that creates confusion. *Grant v. Board of County Commissioners, supra.* Further, the position advocated by Gunnison reflects an unduly formalistic approach, and would preclude a realistic assessment of the actual information imparted by a notice under the facts of a particular case. Such an analysis would frustrate protection of the underlying purpose of the notice requirement, and we therefore reject this argument.

Gunnison also contends that, under *Grant v. Board of County Commissioners, supra (Grant),* a showing of actual rather than potential confusion must be established before a zoning ordinance will be invalidated. *Cf. Sundance Hills Homeowners Association v. Board of County Commissioners, supra* (in sustaining the sufficiency of a notice, we observed that approximately 35 people attended the noticed meeting and none indicated he was misled by the notice, which incorrectly designated the owner of property sought to be rezoned). We do not agree with this interpretation of *Grant.*

In that case, two notices of a public hearing concerning a proposed zoning resolution were published in the same local newspaper on April 29, 1961. The notices were identical in all respects except that one notice stated that the public hearing concerning the proposed resolution would be held on June 2, 1961, while the other notice stated that the public hearing would be held on May 31, 1961. The hearing was actually held on June 2, 1961, and the zoning resolution was subsequently adopted. The appellants contended that these notices were de-

fective because of the conflicting hearing dates they contained and that the zoning resolution adopted in connection with those notices was therefore void. We rejected this argument.

We first noted that the June 2nd public hearing was well attended, approximately sixty people presenting testimony on the resolution, with about one-half of these individuals voicing objections. We also considered it significant that the hearing was held on the latter of the conflicting dates stated in the two notices, and that, as a result, the individuals who appeared at the May 31st hearing must have necessarily learned that the earlier date was incorrect, and presumably ascertained that the hearing would actually be held on June 2, 1961. Finally, as further support for our holding, we noted, "Also, there is nothing in the record which would indicate that any person was actually misled and thereby precluded from appearing at the public hearing." 164 Colo. at 76, 432 P.2d at 766.

Gunnison relies upon this last statement as support for its argument that actual rather than potential confusion must be shown. However, as the above discussion of *Grant* indicates, the absence of demonstrated confusion was only one of several factors considered by the court. Central to this court's conclusion were the self-correcting nature of the misleading information published in the incorrect notice and the fact that the public hearing was well attended. There is no indication that the absence of demonstrated confusion in that case was either a necessary or sufficient ground for the court's decision.

■ The facts of the present case are distinguishable from those presented in *Grant* in two important respects. First, the record in the case now before us does not indicate that the hearing was well attended,[5] so the practical indication in *Grant* that the public was not in fact confused is missing here. The public hearing held on August 3 was called to order at 7:10 p.m. Following a reading of the proposed amendment, comments from the public were invited but none were received, and the hearing was closed at 7:15 p.m. This is in sharp contrast to *Grant,* where the court noted that "a true New England style public hearing was actually held by the Board before it considered the proposed zoning Resolution." 164 Colo. at 75, 432 P.2d 765. Second, the confusion engendered by the two notices in the present case was not of a self-correcting nature as it was in *Grant.* An individual acting under the mistaken impression created by the notices in this case would not be led to any action that would necessarily or presumably rectify his erroneous beliefs. Although the absence of demonstrated confusion is a relevant factor in determining whether a misleading zoning notice is fatally defective, the failure to demonstrate such confusion is not conclusive. Under the facts of this case, we also conclude that absence of an affirmative showing that the public was misled is not a persuasive consideration.

■ In light of the facts present here, including the lack of specificity of the Commission notice, the misleading nature of the Council notice, the proximity of these two publications, and the absence of public participation in the Commission hearing, we conclude that the trial court acted properly in striking down the 1978 ordinance because it was not preceded by a public hearing based upon adequate notice.

We affirm the judgment of the district court.

---

**5.** Gunnison asserts that the record demonstrates only that no public comments were received at the Commission hearing, and that it cannot be concluded from the record that the public did not in fact attend the hearing. However, even if we accepted this contention, the marked contrast between the public hearing conducted in *Grant* and the hearing held in the present case would remain.