WEBSTER PROPERTIES, a Colorado
General Partnership,
Plaintiff-Appellee,

v.

The BOARD OF COUNTY COMMIS-
SIONERS OF the COUNTY OF JEF-
FERSON, State of Colorado, a body
politic and corporate, Defendant-Appel-
lant.

No. 82CA1137.

Colorado Court of Appeals,
Div. I.

May 10, 1984.

Robinson & Scheurer, P.C., Richard J. Scheurer, Lakewood, for plaintiff-appellee.

Patrick R. Mahan, County Atty., H. Lawrence Hoyt, Asst. County Atty., Golden, for defendant-appellant.

BABCOCK, Judge.

Pursuant to C.R.C.P. 106, plaintiff, Webster Properties, sought review of the denial of a plat application by the Jefferson County Board of County Commissioners (Board). Plaintiff's complaint also set forth claims seeking a declaration of its rights under C.R.C.P. 57 and damages for denial of due process, equal protection, and violation of 42 U.S.C. § 1983. The trial court bifurcated plaintiff's claims and proceeded only with respect to plaintiff's C.R.C.P. 106 claims. Final judgment on these claims was entered pursuant to C.R.C.P. 54(b), reversing the Board's denial of the plat application. Thereafter, the Board perfected this appeal. We reverse the trial court.

On October 27, 1981, the Board conducted a public hearing to review the plat submitted by plaintiff. During this hearing, evidence was adduced showing that the plat did not conform with the Jefferson County Zoning Regulations in that plaintiff proposed to construct more than one building unit per lot. To enable plaintiff to amend the plat, the hearing was continued until November 3, 1981, for further testimony and decision.

Prior to the second hearing, plaintiff discovered a March 8, 1971, resolution which purported to amend the zoning regulations to allow more than one building unit per lot. However, the 1971 resolution stated on its fact that it was adopted without compliance with statutory procedures.

At the November 3 public hearing, plaintiff submitted a revised plat with minor changes to conform to the 1971 resolution; however, on the basis of the 1971 resolution, plaintiff did not change the plat to remove the multiple buildings from the single lot. At the conclusion of testimony, the Board continued the matter until November 17, 1981, for decision, at which time the Board adopted a resolution denying the plat application on the grounds that it did not comply with the single building per lot, the minimum lot area, or the setback zoning regulations. In so doing, the Board concluded that the 1971 resolution was "null, void and of no effect" in that it was adopted without public notice and hearing as required by statute.

The trial court, in reversing the Board's decision, concluded that: "No recognized procedure was employed to challenge the 1971 resolution and the [Board's] *sua sponte* attempt to declare it invalid was arbitrary and in excess of its jurisdiction." In addition, the trial court concluded that plaintiff had acted in reliance on the 1971 resolution and, in order to prevent manifest injustice, estopped the Board from denying its validity.

I.

The Board first contends that the trial court erred in concluding that it acted arbitrarily and in excess of its jurisdiction in determining that the 1971 resolution was null, void, and of no effect. We agree.

An amendatory zoning resolution requires strict compliance with statutory provisions for notice and public hearing. *Hallmark Builders & Realty v. City of Gunnison*, 650 P.2d 556 (Colo.1982); *Holly Development, Inc. v. Board of County Commissioners*, 140 Colo. 95, 342 P.2d 1032 (1959). Before final adoption of any amendatory zoning resolution, the board of county commissioners is required to hold a public hearing thereon and to publish notice thereof at least 30 days before the hearing. Section 30–28–115, C.R.S. (in 1971—C.R.S.1963, 106–2–15). And, where no such notice is given, the board of county commissioners is without jurisdiction to proceed with a hearing on the proposed amendatory zoning resolution; to do so constitutes an abuse of discretion and an arbitrary and capricious act. *Holly Development, Inc. v. Commissioners, supra.*

Here, we construe the 1971 resolution as amendatory of the counties' zoning

regulations. It states on its face that it was adopted without compliance with the statutory requirements of notice and hearing. Therefore, the Board properly concluded that it was null, void, and of no effect.

## II.

The Board also contends that the trial court erred in applying the doctrine of estoppel in pais to prevent it from denying the validity of "a zoning resolution which had been in effect for ten years." Again, we agree.

■ Estoppel may be available against a governmental agency to prevent manifest injustice if the party seeking its application can show that he reasonably relied on agency action. *Colorado Water Quality Control Commission v. Town of Frederick,* 641 P.2d 958 (Colo.1982); *Roderick v. Colorado Springs,* 193 Colo. 104, 563 P.2d 3 (1977).

■ Here, however, the uncontested facts do not support, but rather refute, the trial court's conclusion that plaintiff reasonably relied upon the 1971 resolution in submitting the proposed plat for approval. First, the existence of the 1971 resolution was not discovered until after the first public hearing on plaintiff's proposed plat. Second, it was discovered by plaintiff while browsing through files in the planning department. Third, the resolution was void on its face in that it recited that it was adopted without prior notice and public hearing. Thus, plaintiffs could not have reasonably relied upon the void 1971 resolution.

The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for the Board on plaintiff's C.R.C.P. 106 claim and for further proceedings on plaintiff's remaining claims.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

I would hold, as did the district court, that the county commissioners cannot treat the resolution in question so lightly to serve the convenience of the moment. When legislation has long been on the books, there is a presumption of validity. *Town of Fletcher v. Hickman,* 136 F. 568 (8th Cir.1905), *cert. denied,* 201 U.S. 644, 26 S.Ct. 759, 50 L.Ed. 902 (1906). In I *R. Anderson, American Law of Zoning* § 4.08 at 194 (2d ed. 1976) it is stated that: "The right of a property owner to challenge a zoning ordinance for failure of the legislative body to observe the procedural requirements of the enabling statutes may be forfeited by a protracted delay in the institution of legal action." Similarly, the legislative body, here the county commissioners, should not be allowed to treat as void a resolution that has been on the books for ten years.

Moreover, it is not at all clear from the record that the 1971 resolution is invalid. In that resolution the commissioners approved an amendment to the Official Development Plan (ODP) for the subject property. The 1971 resolution purported to waive the requirement for delineated lot lines because they were unnecessary and went on to state:

"That this board believes that the location of buildings placed within such area is a matter of design that is more the concern of the developer and its architect; that the requested amendment is essentially for clarification purposes; constitutes no deviation from the plan as submitted and approved by this board; is unsubstantial in nature; does not alter the *official development plan* materially or fundamentally change such plan; and such amendment should appear on the plan for the purpose of allowing the developer to receive appropriate building permits for the development of such area ...." (emphasis added)

The resolution then stated:

"This board has received an opinion of the county attorney that amendments made to such plan in those factual circumstances where a requested amendment is minor in nature and the board

may approve amendments to official development plans without the necessity of statutory rezoning procedures."

Based on this quoted language from the 1971 resolution I have two distinct difficulties with the conclusion reached by the majority opinion. First, the 1971 resolution did not rezone the property at all. This is not a rezoning case. We are dealing with an ODP. That is what was amended, the property was not rezoned. We are not provided with any details as to adoption or amendment of an ODP. Is an ODP like a subdivision plat, or, as the treatment in the majority opinion would seem to indicate, is an ODP really in the nature of a rezoning so that statutory requirements including giving of notice are essential?

Even if notice is required to amend an ODP, we err in allowing a type of collateral attack to be made on the resolution, and in approving a seemingly off-the-cuff interpretation that the resolution is void, without requiring proof that notice of the resolution had not in fact been given.

For these reasons, I would affirm the judgment of the trial court.