Susan A. **COADY** and Francis M. **Coady**, Plaintiffs-Appellants,

v.

Gerald D. **WORRELL** a/k/a Gerald D. **Woorell** and Regional Transportation District, Defendants-Appellees.

No. 83CA1247.

Colorado Court of Appeals, Div. IV.

July 26, 1984.

Raphael M. Solot, Denver, for plaintiffs-appellants.

Russell W. Richardson, Denver, for defendants-appellees.

COYTE,[*] Judge.

Plaintiffs appeal from the summary judgment entered for defendants based on plaintiffs' failure to comply with the notice requirements of § 24–10–109, C.R.S. (1982 Repl.Vol. 10). We reverse.

In an amended complaint supported by an affidavit and four exhibits, plaintiffs allege being injured on June 3, 1981, when a Regional Transportation District (RTD) bus negligently driven by Gerald D. Worrell collided with and pushed a third vehicle into the rear of plaintiffs' car and that plaintiffs had complied with the notice requirements of § 24–10–109.

In their affidavit and supporting exhibits, plaintiffs demonstrated extensive knowledge by RTD of the accident and aver filing a "notice of claim" which set forth all of the information required by § 24–10–109. This information was allegedly contained on a form furnished by RTD which was "forwarded to a person who purported to have authority to receive such notices."

Defendants filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5), or in the alternative for summary judgment, asserting failure to comply with the notice requirements of § 24–10–109. In support of their motion, they submitted affidavits from the Chairman of RTD's Board of Directors and its legal counsel stating that neither the governing body nor any attorney representing RTD had received notice of plaintiffs' claim.

The trial court found that plaintiffs had not and could not comply with § 24–10–109 and dismissed the complaint with prejudice. In light of the affidavits submitted by both parties, it is clear the court treated the motion as one for summary judgment, *see* C.R.C.P. 12(b)(5), and so do we.

Plaintiffs contend first that the allegations in the amended complaint and supporting affidavit that plaintiffs have complied or substantially complied with the notice requirements of § 24–10–109 are sufficient to resist a motion to dismiss. We agree.

■ Here we have a situation in which allegations concerning notice in the affidavits of plaintiffs are countered by affidavits submitted by RTD. Under such circumstances there exists a material issue of fact which cannot be decided on a motion for summary judgment. *Jones v. Dressel*, 623 P.2d 370 (Colo.1981).

Plaintiffs also contend that the actions of RTD estop it from raising lack of notice as a defense, or that such notice has been waived.

Relative to this contention, plaintiffs in their affidavits allege that they have continually pursued negotiation of their claims and were tendered property damage payments and certain medical payments. Attached to plaintiff's affidavit was a letter from State Farm Mutual Automobile Insurance Company written to the claims supervisor of RTD which stated, "In view of the possible delay in making settlement on this file, would you agree to waiving the one year arbitration requirement so it won't be necessary to file arbitration."

The RTD claims supervisor replied, "Yes—Extension granted. We do not want to settle until all pending P.I. claims are settled." That supervisor also acknowledged proof of payment from State Farm for PIP benefits. In his letter he showed his file number and date of accident.

■ Thus, separate issues of fact exist relative to estoppel and waiver. As stated in *Gray v. Regional Transportation District*, 43 Colo.App. 107, 602 P.2d 879 (1979):

"Estoppel may be invoked against public entities to prevent manifest injustice, *see Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977); *Franks v. Aurora*, 147 Colo. 25, 362 P.2d 561 (1961), and would be appropriate here if plaintiff[s] reasonably relied to [their] detriment on [the] words or conduct of RTD ...."

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3),

Accordingly, the summary judgment is reversed and the cause is remanded to the trial court for further proceedings.

VAN CISE and STERNBERG, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).