Patricia Jo Stone, Denver, Colo., Guy E. Hopkins, Hopkins & Corley, Conroe, Tex., for plaintiff.

Mary A. Wells, Stephen J. Baity, Weller, Friedrich, Hickisch, Hazlitt & Ward, Denver, Colo., for defendant.

**Bryan K. GARDNER, Plaintiff,**

v.

**The CITY AND COUNTY OF DENVER, COLORADO, Owner of Stapleton International Airport, Defendant.**

**Civ. A. No. 87–K–1226.**

United States District Court, D. Colorado.

Oct. 15, 1987.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity-based personal injuries action. Plaintiff sustained a fall in Stapleton International Airport on July 3, 1986. He alleges this was caused by a slippery wet step on an elevator. He filed suit in this court on August 14, 1987 claiming for negligence and breach of duty by defendant. He seeks damages for medical expenses, pain and suffering, lost wages and lost reputation.

Colo.Rev.Stat. 24–10–109 (1986) came into effect on July 1, 1986. It applies to all injuries occurring on or after that date. It reads in pertinent part as follows;

(1) Any person claiming to have suffered an injury by a public entity or employee thereof while in the course of such employment shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

(2) The notice shall contain the following:

(a) The name and address of the claimant, and the name and address of his attorney, if any:

(b) A concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission, or event complained of:

(c) The name and address of the public employee involved, if known:

(d) A concise statement of the nature and extent of the injury claimed to have been suffered:

(e) A statement of the amount of monetary damages that is being requested.

(3) If the claim is against the state or an employee thereof, the notice shall be presented to the attorney general. If the claim is against any other public entity or an employee thereof, the notice shall be filed with the governing body of the public entity or the attorney representing the public entity. Such notice shall be effective upon mailing by registered mail or upon personal service.

Defendant maintains plaintiff has not complied with this notice requirement. It brings a motion to dismiss. This motion is granted.

Plaintiff's response to the claim of noncompliance is the assertion that defendant is estopped from invoking this statute. He claims defendant's insurance company corresponded with him on the subject of his accident and relies upon *Gray v. RTD*, 43 Colo.App. 107, 602 P.2d 879 (1979).

There are a number of decisions holding defendant may be estopped by its own conduct from invoking Colo.Rev.Stat. 24–10–109, *Coady v. Worrell*, 686 P.2d 1375 (Colo. App.1984), *Isbill Assocs. v. City and County of Denver*, 666 P.2d 1117 (Colo.App. 1983). All of these, however, are concerned with the forerunner of the current provision. This did not create a jurisdictional impediment, *Nowakowski v. District Court*, 664 P.2d 709 (Colo.1983).

In 1986 the section was re-enacted expressly creating a jurisdictional prerequisite to any action brought under the provisions of the article.

Parties cannot confer a court with subject matter jurisdiction by their own acts or omissions, *Triebelhorn v. Turanski*, 149 Colo. 558, 370 P.2d 757 (1962). Where a court possesses subject matter jurisdiction, however, the parties may waive lack of personal jurisdiction, *Clinic Masters v. District Court for City of El Paso*, 192 Colo. 120, 556 P.2d 473, 475 (1976).

I have no doubt statutory requirements of this nature, when jurisdictional, go to subject matter jurisdiction. This, for example, has long been the case with the administrative filing requirements of the Federal Tort Claims Act, *Lurch v. United States*, 719 F.2d 333 (10th Cir.1983) *cert. denied* 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984), *Richman v. United States*, 709 F.2d 122, 124 (1st Cir.1983), *Keene Corp. v. United States*, 700 F.2d 836 (2d Cir.1983) *cert. denied* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983), *GAF Corp. v. United States*, 818 F.2d 901 (D.C. Cir.1987). I can see no basis for distinguishing between the effect of the provisions. Defendant's cannot be estopped from relying upon the section.

This disposes of plaintiff's opposition to the motion to dismiss. Plaintiff did not file a written notice of claim within 180 days of the accident. Therefore I have no jurisdiction to entertain this suit.

Colo.Rev.Stat. 13–17–102(2) (1986) empowers me to award attorney's fees against a party instituting an action lacking in "substantial justification". This action falls within the ambit of the section. It should have been clear to plaintiff's counsel the statute had been amended in 1986 making the notice requirement a jurisdictional matter. It should have been clear to plaintiff's counsel estoppel will not bar defendant raising a jurisdictional impediment of this nature. This is all well established law. Defendant's request for attorney's fees is granted.

It is accordingly ORDERED

1. Defendant's motion to dismiss is GRANTED.

2. Defendant's motion for attorney's fees is GRANTED.

3. Defendant shall submit a particularized list of fees incurred in defending this action for the approval of the court.