260 GREGORY LLC and Daniel E. Cooper, Plaintiffs–Appellants,

v.

BLACK HAWK/CENTRAL CITY SANITATION DISTRICT, Defendant–Appellee.

No. 02CA0207.

Colorado Court of Appeals, Div. III.

May 8, 2003.

Certiorari Denied Oct. 6, 2003.

Astrella & Rice, P.C., T.R. Rice, Denver, Colorado, for Plaintiffs–Appellants.

Seter & Vander Wall, P.C., Kim J. Seter, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiffs, 260 Gregory LLC and Daniel E. Cooper (owner), appeal from the summary judgment in favor of defendant, Black Hawk/Central City Sanitation District (the district). We affirm.

This dispute involves a statutory lien which attached to real property pursuant to § 32–1–1001(1)(j), C.R.S.2002. The previous owners of the property (debtors) failed to pay for sanitation services provided by the district and filed for bankruptcy under Chapter 11 of the Bankruptcy Act, 11 U.S.C. § 1101, et seq. (2002). The district filed a proof of claim for $23,752 and asserted that it was secured by real property pursuant to statute.

Subsequently, debtors filed their third amended plan of reorganization, which the bankruptcy court confirmed. The plan contemplated the sale of the debtors' real property and the payment to other secured creditors from the proceeds of the sale. From our review of the record, it appears that the plan did not make any provision for the district's claim or lien.

Owner purchased the subject property at an auction held without reserve. After having difficulty closing the sale of the subject property, debtors filed a motion to sell property free and clear of liens with the bankruptcy court. The motion listed all liens of record against the property, except the district's lien, which appeared as a standard exception in the title insurance commitment. The bankruptcy court issued an order granting debtors' motion, but the order again did not include the district's lien.

Debtors and owner then closed the sale after owner escrowed sufficient funds to pay for the district's lien. Subsequently, the district submitted a bill to owner for fees incurred during the debtors' ownership, which owner paid under protest.

Owner then brought this declaratory judgment action claiming that the bankruptcy court's approval of the plan of reorganization discharged all debts relating to the property and that he received the property free and clear of the district's lien. The district responded that the charges incurred by the

debtor survived the bankruptcy and remained a lien against the property.

The parties filed cross-motions for summary judgment, and the trial court granted the district's motion. This appeal followed.

The single issue on appeal is whether the trial court erred in finding that the district's lien survived bankruptcy. We agree with the trial court conclusion but not its analysis.

We review the order granting summary judgment de novo. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c). Summary judgment is appropriate when there is no doubt concerning material facts. *See Roderick v. City of Colorado Springs,* 193 Colo. 104, 563 P.2d 3 (1977). All doubts as to the existence of an issue of material fact must be resolved against the moving party. *See Ridgeway v. Kiowa School District C–2,* 794 P.2d 1020 (Colo.App.1989).

There is no dispute that the district had a valid lien on the property before the bankruptcy proceedings began, that its priority is not pertinent, and that the district properly filed its secured claim in the bankruptcy proceedings.

■ The trial court relied on 11 U.S.C. § 545 (2002) for the proposition that the district's lien could not be extinguished without an adversary hearing. On appeal, the district appears to concede, and we agree, that § 545 has no application to this case. Further, we reject the district's argument that its lien survives because it was not subject to § 545.

We are also unpersuaded by the parties' arguments that their positions are supported by express language in the plan. The district asserts that the following provision of the plan preserves its lien:

6.7 *Retention of Liens.* Except as may be otherwise provided for in this Plan, creditors whose claims are secured by lien(s) against the Debtors' property or otherwise claim an interest in such property shall retain such liens to the same extent and in the same priority as their pre-petition liens or shall retain their interest in such property to the same extent and in the same priority as their pre-petition interests.

Owner counters that paragraph 6.7 must be read in the context of the plan, which also provides:

6.9 *Debtors' Property.* Except as provided for in the Plan or in the Confirmation Order, upon Confirmation of the Plan, the Reorganized Debtors shall be vested with full ownership of and dominion over their property and assets *free and clear of all claims, liens, charges and other interests of creditors* arising prior to the filing of the bankruptcy petition.

(Emphasis added.)

Owner argues, and we agree, that paragraph 6.7 is effective during the pendency of the bankruptcy proceedings and paragraph 6.9 is effective and governs following confirmation of the plan or its effective date, known as the "payment day."

However, in our opinion, the question whether the district's lien was extinguished in the bankruptcy proceedings is governed by 11 U.S.C. § 1141(c) (2002) of the Bankruptcy Code, not by the plan. As relevant here, § 1141(c) states:

Except as ... provided in the [reorganization] plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

■ A lien is a security interest, and thus § 1141(c) applies. *Matter of Penrod,* 50 F.3d 459 (7th Cir.1995). Although the general rule is that liens pass through bankruptcy unaffected, § 1141(c) provides an exception. *See In re Regional Building Systems, Inc.,* 251 B.R. 274 (Bankr.D.Md.2000), *aff'd,* 254 F.3d 528 (4th Cir.2001).

The seminal case appears to be *Matter of Penrod, supra.* In that case, the debtor granted the creditor a security interest in breeding livestock and shortly thereafter commenced a Chapter 11 proceeding. The creditor filed a proof of claim asserting that its loan was secured by the livestock. In the plan, the creditor's claim was placed in a class that called for monthly payments based on a seven-year amortization, but was silent as to the creditor's security interest. Shortly after the plan went into effect, the female livestock became ill with a disease of the reproductive system which caused them to miscarry and they were sold for slaughter. The creditor brought an action in state court to enforce its lien against the proceeds from the sale of the livestock. The issue presented was whether the creditor's security interest in the livestock survived the bankruptcy proceedings, and the court concluded that it did not. The court held that under § 1141(c) the lien is extinguished unless the plan of reorganization, or the order confirming the plan, says that a lien is preserved *or the holder of the lien participated in the reorganization and its property was dealt with by the plan.* In characterizing its holding, the court stated:

> Our suggested interpretation reconciles the language of section 1141(c) with the principle, which we have pointed out cannot be maintained without careful qualification, that liens pass through bankruptcy unaffected. They do—unless they are brought into the bankruptcy proceeding and dealt with there.

*Matter of Penrod, supra,* 50 F.3d at 463.

A noted reference, relying on both *Penrod* and *FDIC v. Union Entities,* 83 F.3d 1020, 1027 (8th Cir.1996), summarizes the predominant view as follows:

> Discomfort with the idea of extinguishing liens, however, has led a number of appellate courts to add an additional requirement to section 1141(c), requiring that before a lien will be deemed extinguished, not only must the property or claim be dealt with in the plan, but the creditor must have "participated in the reorganization." ... [T]he Court of Appeals for the Eighth Circuit [in *FDIC v. Union Enti-*

*ties* ], starting from the premise that liens pass through bankruptcy unaffected, stated that "where a plan does not expressly preserve a lien, a lienholder may lose it after confirmation of the plan, *provided that the lienholder participated in the reorganization and its property was dealt with by the plan.*"

The Court of Appeals for the Seventh Circuit, in *In re Penrod,* similarly construed section 1141(c). The Seventh Circuit described section 1141(c) as the "default rule" for secured creditors who file claims for which provision is made in the plan of reorganization for extinguishing of the claim. If a lienholder did not participate in the reorganization, then its lien would not be property dealt with in the plan and section 1141(c) would not apply.

8 Lawrence P. King, *Collier on Bankruptcy* § 1141.04[2], at 1141–14 (2002)(emphasis added).

In *Penrod,* the security interest was extinguished because the reorganization plan provided for the payment of the creditor's claim on an amortized basis and was silent concerning the lien. In *Union Entities* the lien survived because it was not dealt with in the plan and the creditor was a member of an unsecured creditor's committee and was not allowed to vote as a secured creditor.

Owner relies on *In re Regional Building Systems, Inc.,* 251 B.R. 274 (Bankr.D.Md. 2000), in which the bankruptcy court criticized *Penrod.* There, the debtor listed the creditor as a secured creditor, but asserted the collateral had no value. The creditor filed a claim, but did not assert any security interest until seven months after the plan for reorganization, which made no provision for the claim or the security interest, had been confirmed. The creditor was treated as an unsecured creditor, "participated" as a member of the unsecured creditors committee, and shared pro rata in the estate without reference to any security. The court held that if the debtor's property in which the creditor had a secured interest was dealt with by the plan and the plan was silent on the survival of the creditor's secured interest, then under the plain meaning of § 1141(c), the creditor's security was extinguished.

---

After pointing out what it considered to be a meaningless distinction from *Penrod*—that is, in *Penrod* the creditor filed a claim and asserted its security at the outset—the court attacked the holding and rationale of *Penrod.* Characterizing *Penrod's* requirement that the creditor participate in the proceedings as a gloss on the statute grounded in erroneous dictum because in *Penrod* the creditor had timely filed a secured claim and, in its view, § 1141(c) would have been operative even if no claim had been filed, the court concluded that the creditor's lien or security interest is not property which must be dealt with in the plan in order to extinguish the security interest. *See In re Regional Building Systems, Inc., supra.*

While *Regional Building Systems* may be well reasoned and provides support for owner's position, it is not the predominant view; *Penrod* is. Further, most of the court's discussion in *Regional Building Systems* is, in our view, dictum, because the creditor there did not attempt to assert its security until seven months following the confirmation of the plan.

The requirement that the creditor "participate" in the reorganization and that *its* property be dealt with in the plan is a judicial gloss on the statute traceable to *Penrod.* Under the rationale of *Penrod,* the lien is not extinguished by silence in the plan as to its survival unless it is dealt with by the plan, that is, provision is made in the plan for the payment or securing of the claim. Hence, we need not explore the limits of the term "participate" because here no provision was made in the plan for the district's lien.

Accordingly, because the plan here made no provision for the district's lien, we conclude that the lien was not extinguished pursuant to § 1141(c) upon the confirmation of the plan.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge WEBB concur.