Julio C. SULCA, Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellee.

No. 02CA0511.

Colorado Court of Appeals, Div. III.

Aug. 14, 2003.

Ledbetter & Thomas, P.C., Scott C. Thomas, Greenwood Village, Colorado, for Plaintiff–Appellant.

Walberg, Dagner & Tucker, P.C., Deana R. Dagner, Wendelyn K. Walberg, Englewood, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

In this action to recover uninsured motorist benefits, plaintiff, Julio C. Sulca (insured), appeals from the trial court's summary judgment in favor of defendant, Allstate Insurance Company (insurer), determining that the action was barred by § 13–80–107.5(1)(a), C.R.S.2002, the applicable statute of limitations. We affirm.

In May 1996, insured was involved in an automobile accident with another vehicle. At the scene of the accident, the other driver advised insured that he did not have automobile insurance and he did not own the car he was driving. The driver then left the scene. At that time, insured had uninsured and underinsured motorist (UIM) coverages through insurer.

Three years later, in May 1999, insured timely sued the driver for personal injury and property damage resulting from the accident. No discovery was undertaken in that case.

Two years later, in 2001, insured commenced this action against insurer for UIM benefits. Insurer filed a motion for summary judgment, arguing that the case was

untimely filed and should be dismissed. The trial court granted the motion.

On appeal, insured contends that the trial court erred in determining that his claim was barred under § 13–80–107.5(1)(a). We disagree.

Our review of the trial court's order granting a motion for summary judgment is de novo. *See Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995).

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." C.R.C.P. 56(c). Summary judgment is appropriate when there is no doubt concerning material facts. *See Roderick v. City of Colorado Springs*, 193 Colo. 104, 563 P.2d 3 (1977). All doubts as to the existence of an issue of material fact must be resolved against the moving party. *See Ridgeway v. Kiowa Sch. Dist. C–2*, 794 P.2d 1020 (Colo.App.1989).

■ The purposes of statutes of limitations are to promote justice, discourage unnecessary delay, and preclude the prosecution of stale claims. *See Colo. State Bd. of Med. Exam'rs v. Jorgensen*, 198 Colo. 275, 599 P.2d 869 (1979).

■ The interpretation of when a claim accrues under a statute of limitations is an issue of law. *Middelkamp v. Bessemer Irr. Ditch Co.*, 46 Colo. 102, 103 P. 280 (1909). Whether the statute of limitations bars a particular claim is usually a fact question, *see Keller Cattle Co. v. Allison*, 55 P.3d 257 (Colo.App.2002), but if the undisputed facts clearly show that the plaintiff had, or should have had the requisite information as of a particular date, the issue may be decided as a matter of law. *See Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152 (Colo.App.1995).

■ If statutes are clear and unambiguous, they require no construction and are to be applied as written. *Holliday v. Bestop, Inc.*, 23 P.3d 700 (Colo.2001). The purpose of statutory construction is to determine and give effect to the intent of the General Assembly, giving words their plain and commonly accepted meaning. *Russell v. Pediatric Neurosurgery, P.C.*, 15 P.3d 288 (Colo. App.2000), *aff'd in part and rev'd in part*, 44 P.3d 1063 (Colo.2002). Any construction that would render any clause or provision unnecessary, contradictory, or insignificant should be avoided. *Bowland v. Indus. Claim Appeals Office*, 984 P.2d 660 (Colo.App.1998), *aff'd sub nom. United Airlines, Inc. v. Indus. Claim Appeals Office*, 993 P.2d 1152 (Colo.2000).

Section 13–80–107.5(1)(a) provides, in pertinent part, for two related periods of limitation as follows:

An action or arbitration of an "uninsured motorist" insurance claim ... shall be commenced or demanded by arbitration demand *within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the uninsured motorist is preserved by commencing an action against the uninsured motorist within [three years]*, then an action or arbitration of an uninsured motorist claim shall be timely if such action is commenced or such arbitration is demanded *within two years after the insured knows that the particular tortfeasor is not covered by any applicable insurance.* In no event shall the insured have less than three years after the cause of action accrues within which to commence such action or demand arbitration.

(Emphasis added.)

As to accrual for purposes of the first three-year period of limitation, § 13–80–107.5(3), C.R.S.2002, provides that: "An uninsured or underinsured motorist cause of action accrues after both the existence of the death, injury, or damage giving rise to the claim and the cause of the death, injury, or damage are known or should have been known by the exercise of reasonable diligence." The claim accrues for the purposes of the two-year period of limitation pursuant to § 13–80–107.5(1)(a), when the insured "knows that the particular tortfeasor is not covered by any applicable insurance." *See*

*also* § 13–80–107.5(1)(b), C.R.S.2002 (pertaining to underinsured motorists).

■ Thus, under the first clause of § 13–80–107.5(1)(a) and the accrual definition, an insured has three years from the date of the accident in which to sue the UIM carrier. Under the second clause, if the insured has brought an action against the tortfeasor within the three-year period of limitation for that action, and the insured only discovers that the tortfeasor is uninsured sometime after the accident, then the insured has at least two years from the date of that discovery in which to sue the UIM carrier. The interplay between these two clauses may, but does not necessarily, afford the insured more than three years from the date of the accident in which to sue the UIM carrier. However, if the insured has not timely commenced an action against the tortfeasor, three years after the accident he is time-barred from seeking relief against the UIM carrier, regardless of when he discovered that the other driver was uninsured.

■ Insured argues that the trial court erred in determining on summary judgment that his UIM claim was untimely because, according to insured, the period within which to sue his UIM carrier was not triggered under § 13–80–107.5(1)(a) until he had documented proof that no applicable policy insured the other driver. Until he obtained such proof, he contends, he did not "know" that the tortfeasor was uninsured. We disagree.

Dictionaries define "knowledge" as "an awareness or an understanding" and "actual knowledge" as "[an awareness or an understanding] of such information as would lead a reasonable person to inquire further." *E.g.,* *Black's Law Dictionary* 876 (7th ed.1999); *Webster's Third New International Dictionary* 1252 (1986) (defining "knowledge" as "the act, fact, or state of knowing; . . . awareness [or] understanding").

Most statutes of limitations require that a plaintiff know or, after the exercise of reasonable diligence, should have known of the triggering event or circumstance. *See* § 13–80–108, C.R.S.2002; *see also Miller v. Armstrong World Indus., Inc.,* 817 P.2d 111 (Colo.1991)(products liability); *Fin. Assocs., Ltd. v. G.E. Johnson Constr. Co.,* 723 P.2d 135 (Colo.1986) (negligence or defects in improvements to real property); *Colburn v. Kopit,* 59 P.3d 295 (Colo.App.2002)(breach of fiduciary duty or negligence); *Stjernholm v. Life Ins. Co.,* 782 P.2d 810 (Colo.App.1989)(conversion based upon payment of instrument on forged endorsement).

■ The requirement that a plaintiff use due diligence in discovering the relevant circumstance or event imposes an objective standard and does not reward denial or self-induced ignorance. Therefore, we conclude that the limitation period in which to bring a claim against a UIM carrier under § 13–80–107.5(1)(a) commences to run when the insured knew or, in the exercise of reasonable diligence, should have known that there was no applicable insurance.

Here, insured brought an action against the tortfeasor within the three-year limitation period set forth in § 13–80–107.5. However, at the time of the accident insured also "knew" that there was no applicable insurance.

■ Insured argues that, because he timely commenced suit against the other driver, he had at least another two years to sue insurer even if he knew of the lack of applicable insurance prior to suing the other driver. According to insured, the three-year and two-year periods of limitation can only run consecutively, not concurrently. We are not persuaded.

Insured's interpretation would render the last sentence of § 13–80–107.5(1)(a), which establishes a minimum period of limitation of three years, meaningless. If the two-year and the three-year periods of limitation run concurrently because the insured knew that there was no applicable insurance during the three-year period, this last sentence would protect the insured by precluding the two-year period from, in effect, shortening the three-year period. However, if the periods of limitation only run consecutively, then either: (1) the last sentence would never pertain because the insured would always have the three-year period of limitation within which to act; or, (2) the two-year limit of the

second period would be surplusage because that period would always be extended to three years by the application of the last sentence.

Accordingly, we conclude that insured had three years from the date he "knew" that there was no applicable insurance within which to commence this suit. Here that date was the day of the accident. Therefore, the trial court properly determined that his complaint, filed about five years after that date, was untimely.

The judgment is affirmed.

Judge WEBB concurs.

Judge ROY dissents.

Judge ROY dissenting.

I respectfully dissent.

Let me start with that with which I agree. I agree with the majority that the word "knows" in the second clause of § 13–80–107.5(1)(a), C.R.S.2002, should be construed to mean that the insured knew or, with the exercise of reasonable diligence, should have known, of the accruing circumstance or event. I also agree that the statute is ambiguous, and the majority has cited the applicable rules of construction. However, I conclude that the second period of limitation must run consecutively and, therefore, conclude the action was timely.

Let me also state at the outset that I recognize an incongruity which results from my construction and application of the statute, namely, the insured's claim against the UIM carrier does not accrue based on his or her knowing that there is no applicable insurance unless an action is commenced against the uninsured driver, triggering the second period of limitation.

Section 13–80–107.5(1)(a) provides, in pertinent part, for two related periods of limitation as follows:

An action or arbitration of an "uninsured motorist" insurance claim ... shall be commenced or demanded by arbitration demand within three years after the cause of action accrues; *except that,* if the underlying bodily injury liability claim against the uninsured motorist is preserved by

*commencing an action* against the uninsured motorist within [three years] then an action or arbitration of an uninsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years, after the insured knows that the particular tortfeasor is not covered by any applicable insurance. *In no event shall the insured have less than three years after the cause of action accrues within which to commence such action or demand arbitration.* (Emphasis added.)

It is significant to me that the two periods of limitation are separated by the phrase "except that," which generally means that the provision preceding that phrase is supplanted in its entirety if the event or circumstance triggering the exception has occurred or exists. *See Bd. of County Comm'rs v. City & County of Denver,* 194 Colo. 252, 571 P.2d 1094 (1977). Under § 13–80–107.5(1)(a), the triggering event for the second period of limitations is the commencement of an action against the uninsured motorist within the period of limitations applicable to that action, three years. *See* § 13–80–101(1)(n)(I), C.R.S.2002 (three years from accrual).

It is also significant to me that for purposes of the initial three-year period of limitation, the claim accrues without reference to any knowledge or notice of the unavailability of other applicable insurance. It is only the second period of limitation that requires knowledge or notice of the absence of other applicable insurance for the claim against the UIM insurer to accrue. Hence the incongruity. The two periods of limitation are independent and mutually exclusive and, in my view, must run independently and, upon the triggering events consecutively.

In one scenario, the one apparently contemplated by the statute, the insured, not knowing whether there is other applicable insurance or having been misled in that regard, brings an action against the other driver within the three-year period of limitations and becomes aware through discovery that there is no applicable insurance. The insured then has not less than three years

from discovery to request arbitration or to commence an action against the UIM carrier.

However, another, perhaps more common scenario is that the insured knows, or should have known, on the date of the accident that the other driver is uninsured. The law requires that all motor vehicles be insured with minimum coverages. Sections 10–4–705, 10–4–706, C.R.S.2002. The law also requires that insurers provide their insureds with proof of insurance for each motor vehicle insured. Section 10–4–706.5, C.R.S.2002. It is a serious traffic offense, with a mandatory minimum sentence, for a person to operate a motor vehicle in this state without a complying insurance policy or to fail to provide proof of insurance in the event of an accident or upon request of a peace officer following any lawful traffic contact. Section 42–4–1409, C.R.S.2002. It is also a serious traffic offense to fail to stop and render assistance to injured parties after an accident. *See* §§ 42–14–1601, 42–14–1603, C.R.S.2002.

Therefore, assuming the vast majority of motor vehicle owners, drivers, and insurers comply with the law, it is most likely that, as here, the insured would be immediately informed of the absence of other applicable insurance.

It is important that the statute of limitations for claims against an uninsured motorist carrier is identical in every pertinent respect to the statute of limitations for claims against an underinsured motorist carrier. *Compare* § 13–80–107.5(1)(a) with § 13–80–107.5(1)(b), C.R.S.2002. In the case of the underinsured motorist, however, the insurer may require that the insured obtain judgment against, or enter into a good faith settlement with, the underinsured motorist after giving the UIM carrier notice and an opportunity to participate. The underinsured motorists benefit is the difference between the amount recovered from the underinsured motorist and the damages sustained by the insured, not to exceed the underinsured motorist policy limit. *See, Freeman v. State Farm Mut. Ins. Co.,* 946 P.2d 584 (Colo.App.1997). The two statutes have identical language, and presumably the same meaning. It would not make sense for the two periods to run concurrently when bringing an action against the underinsured driver is, or may be, a condition precedent to obtaining underinsured motorist benefits.

It is a well established rule that when two statutes of limitations apply the longer prevails. *Fishburn v. City of Colorado Springs,* 919 P.2d 847 (Colo.App.1995). A logical corollary to this rule should be that when, as here, a statute of limitations is ambiguous, it must be construed to provide the maximum period of limitation, not the minimum.

Here, insured "knew" that there was no applicable insurance coverage on the date of the accident. He waited almost exactly three years to sue the other driver, undertook no discovery in that action, and, almost exactly two years later, commenced this action against his UIM carrier. This procedural history may appear to be an abuse of the statute; it should not, however, force a strained construction of it.

I would reverse the judgment and remand for further proceedings on the insured's complaint.