Joseph M. TRIGG, Plaintiff–Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Intervenor–Appellant.

No. 03CA0901.

Colorado Court of Appeals,
Div. IV.

Dec. 29, 2005.

Jeffrey R. Wheeler, P.C., Jeffrey R. Wheeler, Colorado Springs, Colorado, for Plaintiff–Appellee.

Cain & Hayter, LLP, Craig W. Cain, Debra P. Deree, Colorado Springs, Colorado, for Intervenor–Appellant.

Kaye and Bush, LLC, Bruce J. Kaye, Mari C. Bush, Denver, Colorado, for Amicus Curiae Colorado Trial Lawyers Association.

Opinion by: Judge ROY.

In this uninsured motorist action, State Farm Mutual Automobile Insurance Company (the insurer) appeals a judgment awarding Joseph M. Trigg (the insured), $44,815.05 plus costs for injuries sustained in an accident with an uninsured motorist. We reverse and remand with directions to dismiss the complaint with prejudice.

On August 2, 1997, the insured was involved in a two-car motor vehicle accident. Both the insured and the driver of the other vehicle (the driver) suffered injuries and were transported to the hospital. At the hospital, a police officer informed the insured that it was his opinion that the accident was the driver's fault and that he had cited him with, inter alia, failing to have proof of insurance. The following day, the insured's wife talked with the driver's mother and was told that the driver did not have insurance at the time of the accident.

However, the insured was covered under a policy that included uninsured motorist coverage. The policy provided that the insurer would "pay damages for bodily injury an insured is legally entitled to collect from the owner or driver or an uninsured vehicle." The policy provided, inter alia, that if the insured sued the driver, he was required to notify the insurer and provide the insurer with all the pleadings and other documents relating to the litigation.

On July 13, 1998, on the advice of his attorney, the insured had an evaluation done on his closed head injury. In the course of that evaluation, the insured advised the evaluator that he had commenced litigation against an uninsured motorist.

On October 22, 1998, the insurer sent the insured's attorney a letter requesting confirmation that he was the insured's attorney, and the attorney responded in the affirmative. On April 19, 2000, the insurer sent the insured's attorney a letter reminding him that the three-year statute of limitations, § 13–80–101(1)(n)(I), C.R.S.2005, would expire on the insured's claim against the driver that August.

On July 26, 2000, just before the expiration of the applicable statute of limitations, the insured filed a negligence action against the driver, seeking damages for injuries sustained in the accident. The insurer was not immediately notified of the action.

On September 15, 2000, the insured sent the insurer a copy of the complaint he filed against driver. On October 11, 2000, the insurer intervened to protect its interests. Having learned that the driver had filed for bankruptcy, the insured amended his complaint on April. 9, 2001, adding the insurer as a defendant, and seeking damages for his personal injury claims from the insurer, rath-

er than from the driver, to the extent of his uninsured motorist coverage.

At trial, the insurer moved for summary judgment on the ground that the statute of limitations had expired on the insured's uninsured motorist claim. The trial court denied the motion. The trial court also denied the insurer's motion to allow the jury to consider the statute of limitations as an affirmative defense.

The jury concluded that the insurer was liable to the insured under the insurance policy. This appeal followed.

■ The insurer asserts that the trial court erred in ruling that the insured's failure to timely file suit against the insurer was the result of mistaken identity such as to allow the lawsuit filed against the insurer to relate back eight months after the statute of limitations had passed. We agree.

■ We review a trial court's ruling on summary judgment de novo. *Globe Indem. Co. v. Travelers Indem. Co.*, 98 P.3d 971 (Colo.App.2004). Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c). In determining whether summary judgment is proper, the court must give the nonmoving party any favorable inferences that may reasonably be drawn from the facts, and all doubts must be resolved against the moving party. *Friedland v. Travelers Indem. Co.*, 105 P.3d 639 (Colo. 2005). A material fact is a fact that affects the outcome of a case. *Whatley v. Summit County Bd. of County Comm'rs*, 77 P.3d 793 (Colo.App.2003).

## I.

First, we conclude that the insured's lawsuit against the insurer was not timely filed.

■ Statutes of limitations are enacted to promote justice, prevent unnecessary delay, and preclude stale claims. Whether a statute of limitations bars a particular claim is a question of fact. *Keller Cattle Co. v. Allison*, 55 P.3d 257 (Colo.App.2002). However, if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date, then the issue of whether the statute of limitations bars a particular claim may be decided as a matter of law. *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357 (Colo.App.2000).

■ Statutes are to be applied as written if they are clear and unambiguous. *Sooper Credit Union v. Sholar Group Architects, P.C.*, 113 P.3d 768 (Colo.2005).

The pertinent part of § 13–80–107.5(1)(a), C.R.S.2005, provides:

An action ... of an "insured motorist" insurance claim ... shall be commenced ... within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the uninsured motorist is preserved by commencing an action against the uninsured motorist within [three years *as provided in* § 13–80–101(1)(n)(I) ], then an action ... of an uninsured motorist claim shall be timely if such action is commenced ... within two years after the insured knows that the particular tortfeasor is not covered by any applicable insurance. In no event shall the insured have less than three years after the cause of action accrues within which to commence such action ....

For the purposes of the three-year period, an action for an uninsured motorist claim accrues "after both the existence of the death, injury, or damage giving rise to the claim and the cause of the death, injury, or damage are known or should have been known by the exercise of reasonable diligence." Section 13–80–107.5(3), C.R.S.2005. For purposes of the second, two-year period the claim accrues when the insured "knows that the particular tortfeasor is not covered by any applicable insurance." Section 13–80–107.5(1)(a); *see also* § 13–80–107.5(1)(b), C.R.S.2005; *Sulca v. Allstate Ins. Co.*, 77 P.3d 897 (Colo.App.2003).

■ Under these statutes, if an insured files a claim against a tortfeasor within the three-year statute of limitations period, "and the insured only discovers that the tortfeasor is uninsured sometime after the accident,

then the insured has at least two years from the date of that discovery in which to sue the [uninsured motorist insurance provider]." *Sulca v. Allstate Ins. Co., supra,* 77 P.3d at 900. The three-year statute of limitations and the two-year statute of limitations run concurrently. *Sulca v. Allstate Ins. Co., supra.*

Here, the cause of action accrued against the driver on August 2, 1997; this action against the driver was filed on July 26, 2000, or shortly before the expiration of the applicable limitations period. The insured's claim against the insurer accrued as early as August 2, 1997, when the driver admitted he was uninsured, and no later than July 13, 1998, when the insured indicated to his doctor that he was involved in uninsured motorist litigation. *See Sulca v. Allstate Ins. Co., supra* (a claim under § 13–80–107.5(1)(a) against an uninsured motorist carrier commences to run when the insured knew that there was no applicable insurance).

Therefore, the statute of limitations on the insured's claim against the insurer expired as early as August 2, 1999 but no later than July 13, 2000. The insured did not amend his complaint to add the insurer as a party until April 9, 2001, well beyond the applicable limitations period.

The statute of limitations for a claim against the insurer is clear and unambiguous. The insured did not commence an arbitration or legal action against the insurer on his uninsured motorist claim until April 9, 2001, and that action was untimely.

## II.

■ Next, we reject the insured's assertion that the insurer waived the statute of limitations.

More particularly, the insured relies on a letter sent to the insured's counsel by a claims specialist and dated October 23, 2000. The text of the letter states:

I am writing in regard to the reservation of rights letter sent to you on September 15, 2000, regarding [the insured]'s failure to notify us of the lawsuit against [the driver] for the above date of loss.

Please be advised, [the insurer] has decided we will waive this reservation of rights, and will not pursue against [the insured] for failing to notify us of the lawsuit.

This letter, however, is not intended to waive any policy defense in addition to those specifically listed, and we are reserving our right to assert additional policy defenses at any time.

The waiver contained in this letter refers only to that provision of the policy which requires the insured to notify the insurer of the filing of any litigation against the driver. The letter expressly limits the waiver to that policy defense and reserves all others.

Policy defenses are defenses based on the terms of the policy. They take many forms, including, without limitation, conditions precedent, exclusions, definitions of terms, or other provisions of a policy that limit the existence, scope, or amount of any coverage, benefit, or other obligation of the insurer.

The statute of limitations is not a policy defense; it is an affirmative defense created by statute. Therefore, in our view, there is nothing in the letter that can possibly be construed as a waiver by the insurer of the statute of limitations.

## III.

■ Finally, we agree with the insurer, relying on C.R.C.P. 15(c), that the trial court erred in applying the relation back doctrine based on mistake of identity.

C.R.C.P. 15(c) states that three requirements must be met for relation back to be applicable: (1) the amended complaint must arise out of the same transaction or conduct set forth in the original complaint; (2) the substituted party must receive notice of the action within the period allowed by the applicable statute of limitations such that the substituted party would not suffer prejudice; and (3) the substituted party knew or should have known that the action would have been brought against it if the plaintiff had not made a mistake concerning the identity of the proper party. *Gadlin v. Metrex Research Corp.,* 76 P.3d 928 (Colo.App.2003); *May Dep't Stores Co. v. Univ. Hills, Inc.,* 789

P.2d 434 (Colo.App.1989); *Spiker v. Hoogeboom*, 628 P.2d 177 (Colo.App.1981).

## A.

At the outset, in our view, the insured's claim against the insurer does not arise out of the accident. Instead, it arises from a contract. The insurer is not being sued for negligence causing injury to the insured. The insurer is being sued because of a contract between it and the insured under which the insurer may be obligated to pay the insured for damages sustained in the accident, which occurred because of the negligence of driver. The fact that the liability of the insurer under the contract may be predicated on the occurrence of an accident and the negligence of the driver does not make this claim a negligence claim.

The amicus curiae argues to the contrary, relying in part on *Halliburton v. Public Service Co.*, 804 P.2d 213 (Colo.App.1990), and *Travelers Insurance Co. v. Gasper*, 630 P.2d 97 (Colo.App.1981). These cases are inapposite. In each case, the insured commenced an action against a tortfeasor and was reimbursed in whole or in part by the insured's own insurer, and the insurer intervened or was substituted as a plaintiff after the expiration of the statute of limitations. In each instance, the insurer entered in lieu of its insured to pursue the identical claims, which were timely brought originally by the insured.

Here, the insurer intervened to protect its own interests, which were antagonistic to those of its insured. The addition of the insurer as a defendant aligned it with the tortfeasor, not with the insured, and the claim was in contract and had not been previously alleged, as is clear from the amended complaint. This conclusion is bolstered by the fact that as to the two claims, the negligence action against the driver and the uninsured motorist claim against the insured, are governed by separate statutes of limitations.

## B.

When mistake of identity is at issue, the main focus is on whether the pleader was aware of the proper party to sue, not whether the pleader knew the party existed. *Gadlin v. Metrex Research Corp., supra.*

Here, there was no mistake of identity. The statute is clear and unambiguous. The insured was required to commence either an arbitration proceeding or litigation against the insurer within three years of learning that the driver was uninsured, even if the insured preserved his claim against the driver. The insured knew that the insurer was his uninsured motorist carrier and yet failed to file any action against the insurer within the applicable statute of limitations. As such, there was no mistake of identity. There was only a failure to abide by the applicable statute of limitations.

We conclude that the trial court erred, as a matter of law, in denying the insurer's motion for summary judgment. As a result, we need not reach the other issues raised by the insurer on appeal.

The judgment is reversed, and the case is remanded to the trial court with directions to dismiss the complaint with prejudice.

Judge CARPARELLI and Judge RUSSEL concur.