**Judith RIDER, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant–Appellee.

No. 08CA0038.

Colorado Court of Appeals,
Div. VI.

Feb. 5, 2009.

Sawaya, Rose & Kaplan, P.C., Robert Wilhite III, Denver, Colorado, for Plaintiff–Appellant.

Seaman, Murphy & Chambers, P.C., Thomas J. Seaman, Karl A. Chambers, Greenwood Village, Colorado, for Defendant–Appellee.

Roberts Levin Rosenberg, P.C., Bradley A. Levin, Zachary C. Warzel, Denver, Colorado, for Amicus Curiae Colorado Trial Lawyers Association.

Opinion by Judge TERRY.

Plaintiff, Judith Rider, appeals from a summary judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company. Because we conclude the trial court incorrectly applied a two-year limitations period under § 13–80–107.5(1)(a), C.R.S.2008, to Rider's uninsured motorist claim against State Farm, we reverse and remand. We further address confusion that resulted here from improper application of the division's decision in *Trigg v. State Farm Mutual Auto. Insurance Co.*, 129 P.3d 1099 (Colo.App.2005).

## I. Background

Rider was involved in an automobile accident with a vehicle driven by an uninsured driver on January 31, 2004. She had uninsured motorist coverage through State Farm. Four days after the accident, she stated on an "Auto Accident Questionnaire" that the other driver was not insured.

On January 4, 2007, Rider brought an action against the other driver to recover damages for her personal injuries and simultaneously sued State Farm for uninsured

motorist benefits and breach of contract. The trial court granted State Farm's motion for summary judgment because it concluded the case was untimely filed.

## II. Discussion

Rider contends the trial court erred in determining that her claim was barred under section 13–80–107.5(1)(a). We agree.

### A. Standard of Review

■ We review de novo a trial court's order granting summary judgment. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251, 1255 (Colo. 1995).

■ The determination of when a claim accrues under a statute of limitations is an issue of law, which we review de novo. *Sulca v. Allstate Ins. Co.,* 77 P.3d 897, 899 (Colo. App.2003).

■ In construing statutory provisions, our obligation is to give full effect to the legislative intent. *Skruch v. Highlands Ranch Metro. Dists. Nos. 3 & 4,* 107 P.3d 1140, 1142 (Colo.App.2004). To give effect to that intent, we look to the words used, reading them in context and according them their plain and ordinary meanings. *Id.; see* § 2–4–101, C.R.S.2008. We do not resort to extrinsic modes of statutory construction unless the statutory language is ambiguous. *Colo. Dep't of Revenue v. Woodmen of the World,* 919 P.2d 806, 809 (Colo.1996). In construing a statute, we must attempt to give consistent, harmonious, and sensible effect to all of its parts. *Bowland v. Indus. Claim Appeals Office,* 984 P.2d 660, 663 (Colo.App.1998). A construction that would render any statutory clause or provision unnecessary, contradictory, or insignificant should be avoided. *Id.*

### B. Analysis

State Farm argues that, because Rider did not file suit against it within two years after she discovered the driver was uninsured, her claim is untimely. We disagree.

■ Section 13–80–107.5(1)(a) provides:

An action or arbitration of an "uninsured motorist" insurance claim, as defined in sections 10–4–609 and 10–4–610, C.R.S., shall be commenced or demanded by arbitration demand within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the uninsured motorist is preserved by commencing an action against the uninsured motorist within the time limit specified in sections 13–80–101(1)(n) and 13–80–102(1)(d), then an action or arbitration of an uninsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years after the insured knows that the particular tortfeasor is not covered by any applicable insurance. *In no event shall the insured have less than three years after the cause of action accrues within which to commence such action* or demand arbitration. (Emphasis added.) The last sentence of this subsection indicates that, under the facts presented here, Rider had no less than three years after the accident to file suit against State Farm.

State Farm argues that the last sentence of this subsection refers to the three-year limitations period for an action against the other driver, and not to the claim against State Farm. Its interpretation is incorrect. Tort actions against a driver arising out of the use or operation of a motor vehicle, other than wrongful death actions, are governed by section 13–80–101(1)(n), C.R.S.2008, and can be brought within three years after the cause of action accrues. In contrast, section 13–80–107.5(1)(a), including the last sentence of that subsection, governs actions against an insurer on an uninsured motorist insurance claim and provides a three-year limitations period to file such a claim.

We agree with the analysis of section 13–80–107.5(1)(a) set forth in *Sulca,* which confirmed that the three-year limitations period applies to uninsured motorist claims against the insurer. In *Sulca,* a division of this court stated:

[U]nder the first clause of § 13–80–107.5(1)(a) and the accrual definition, *an insured has three years from the date of the accident in which to sue the [uninsured motorist] carrier.* Under the second clause, if the insured has brought an

action against the tortfeasor within the three-year period of limitation for that action, and the insured only discovers that the tortfeasor is uninsured sometime after the accident, then the insured has at least two years from the date of that discovery in which to sue the [uninsured motorist] carrier. The interplay between these two clauses may, but does not necessarily, afford the insured more than three years from the date of the accident in which to sue the [uninsured motorist] carrier. However, *if the insured has not timely commenced an action against the tortfeasor, three years after the accident he is time-barred from seeking relief against the [uninsured motorist] carrier, regardless of when he discovered that the other driver was uninsured.*

*Sulca,* 77 P.3d at 900 (emphasis added).

Under the facts presented here, the date when Rider learned that the other driver was uninsured is irrelevant, because she filed suit against State Farm within three years after the cause of action accrued, as required by the first clause of section 13–80–107.5(1)(a). *See also Olson v. State Farm Mut. Auto. Ins. Co.,* 174 P.3d 849, 853 (Colo.App.2007) (insured who alleges a claim against an insurer based on uninsured motorist coverage must file claim within three years after cause of action accrues).

State Farm nevertheless relies on language in *Trigg* to argue that a two-year limitations period applies to suits against the provider of uninsured motorist insurance, and the trial court agreed with that view. That reliance is misplaced. While we disagree with certain language in *Trigg* describing the calculation of filing deadlines, its holding is consistent with our analysis here.

In *Trigg,* the plaintiff was in a car accident on August 2, 1997. There, the cause of action accrued on the date of the accident. The plaintiff learned of the other driver's uninsured status no later than July 13, 1998. Although he filed suit against the uninsured driver on July 26, 2000 (within the three-year limitations period set out in section 13–80–101(1)(n)), he did not sue the insurer until April 9, 2001, more than three years after the cause of action accrued.

The division in *Trigg* correctly concluded that the suit against the insurer was time-barred. This holding is consistent with the statute and with *Sulca.* The division, in fact, quoted *Sulca,* stating that where " 'the insured only discovers that the tortfeasor is uninsured sometime after the accident, then the insured has *at least two years* from the date of that discovery in which to sue the [uninsured motorist insurance provider].' " *Trigg,* 129 P.3d at 1101–02 (quoting *Sulca,* 77 P.3d at 900) (emphasis added).

The portion of *Trigg* urged by State Farm is that division's calculation of the deadline to file suit. There, the division stated:

[T]he statute of limitations on the insured's claim against the insurer expired *as early as August 2, 1999 but no later than July 13, 2000.* The insured did not amend his complaint to add the insurer as a party until April 9, 2001, well beyond the applicable limitations period.

*Trigg,* 129 P.3d at 1102 (emphasis added). State Farm is correct that these calculations appear to reflect the application of a two-year limitations period. To the extent it appeared to apply a two-year limitation, we disagree with *Trigg.*

■ However, the *Trigg* division's apparent miscalculation of dates does not affect the validity of its holding, because it reached the correct result. There, the plaintiff's claim was time-barred because it was filed more than three years after the cause of action accrued (i.e., three years after the date of the accident). In *Trigg,* the date of discovery that the driver was uninsured did not affect the limitations period, because under the facts there presented, the two-year grace period for filing suit against the insurer based on delayed discovery of uninsured status *expired within* the three-year period for suit against the driver. Contrary to State Farm's contention, the grace period described in the second clause of section 13–80–107.5(1)(a) cannot apply to *shorten* the length of time to sue the insurer; it can only be applied to *lengthen* the three-year limitations period by as much as two years *if* the insured has preserved its rights by suing the driver *and* the injured person learned the

driver was uninsured and filed suit against the insurer within two years after learning that uninsured status.

This rule is best illustrated by the following three scenarios:

*Scenario A (based on facts presented here):*

Car accident occurs and claim accrues January 31, 2004 By February 4, 2004, plaintiff learns driver is uninsured

Plaintiff files suit against both driver and insurer on January 4, 2007

Suit against insurer is timely because it was brought within three years after cause of action accrued. Grace period to sue insurer is not relevant.

*Scenario B:*

Car accident occurs and claim accrues August 2, 1997

Plaintiff files suit against driver August 2, 1999 (within limitations period, which would expire August 2, 2000 under section 13–80–101(1)(n) )

Plaintiff learns driver is uninsured September 2, 1999

Plaintiff files suit against insurer August 2, 2001

Suit against insurer is timely because, under second clause of section 13–80–107.5(1)(a), plaintiff properly preserved claim against driver, and grace period extends limitations period to two years after plaintiff learned driver was uninsured.

*Scenario C (based on Trigg facts):*

Car accident occurs and claim accrues on August 2, 1997

Plaintiff learns uninsured status July 13, 1998

Plaintiff sues driver July 26, 2000

Plaintiff sues insurer April 9, 2001

Plaintiff has no less than three years after claim accrual to sue insurer (i.e., by August 2, 2000). Grace period of second clause of

section 13–80–107.5(1)(a) does not apply, because it would expire on July 13, 2000, which is within three-year limitations cut-off (August 2, 2000). Grace period cannot be used to shorten time to sue insurer, and thus it does not alter three-year limitations period.

Suit against insurer is untimely because it was filed outside three-year limitations period, and under these facts, grace period would not extend that limitations period.

Judgment reversed and case remanded for further proceedings on plaintiff's claim against State Farm.

Judge HAWTHORNE and Judge MÁRQUEZ * concur.