No. 15,357.

GOFF *v.* PLAINS SECURITIES CORPORATION.
(183 P. [2d] 262)

Decided June 2, 1947.

Mr. Foster Cline, Mr. W. D. McClain, Mr. Edwin A. Williams, for plaintiff in error.

Mr. E. R. Campbell, Mr. R. Hickman Walker, Messrs. Brock, Akolt & Campbell, for defendant in error.

Mr. Henry McAllister, amicus curiae.

*En Banc.*

Mr. Justice Luxford delivered the opinion of the court.

This is an action for money had and received. To have reviewed a judgment for defendant, plaintiff has sued out a writ of error. The parties are herein designated as they appeared in the court below.

On September 13, 1941, plaintiff brought this action against defendant to recover 3.1 per cent of one hundred thousand dollars, or three thousand one hundred dollars, plus interest, which he alleged was due him under the terms of an oil leasing contract, of date October 26, 1921. Defendant by its answer denied knowledge or information regarding the contract or its terms, alleged that it did not owe plaintiff three thousand one hundred dollars, or any other sum, set up the various statutes of limitation and alleged that, on January 5, 1934, for a valuable consideration, plaintiff released and discharged defendant from all claims and demands which are made by plaintiff in his complaint.

Plaintiff, in his replication, denies the allegations in the second, third, fourth and fifth defenses. In his replication to the sixth defense, he admits that on or about January 5, 1934, a settlement was effected, but alleges said settlement was in reference to one hundred forty-

eight thousand dollars received by Bonfils as part settlement for the claims, and further alleges the one hundred thousand dollars to which reference is made in the complaint was an additional amount received by the defendant and of which plaintiff had no knowledge until July 24, 1940.

For a reply to the seventh defense, "Plaintiff admits that on or about January 9, 1932, the plaintiff and others instituted * * * a suit as plaintiffs against Frederick G. Bonfils. Admits that such proceedings were dismissed."

The case was tried to a jury. When plaintiff rested his case, defendant interposed a motion for a directed verdict which was granted, and judgment of dismissal was duly entered. Plaintiff brings the case here, alleging that the court erred in holding: (1) plaintiff's evidence insufficient to show the one hundred thousand dollars was a part consideration for the settlement of claims mentioned in the complaint; (2) that the claim is barred by the applicable statute of limitations; (3) that plaintiff, for valuable consideration, had released defendant from all claims mentioned in the complaint; and (4) the undisputed evidence shows that the claim and demand of the plaintiff is barred by the judgment rendered in the case of Goff et al. v. The estate of Frederick G. Bonfils; that such claim is now res judicata in favor of the defendant in this case. H. H. Tammen, and defendant the Plains Securities Corporation, for all practical purposes were one, and will be so referred to and considered herein.

We are of the opinion that plaintiff's claim was barred by the applicable statute of limitations and since that disposes of the case the other alleged errors will not be discussed.

■ This is a law case in assumpsit for money had and received. That being true the six-year statute of limitations applies ('35 C.S.A., c. 102, §1, Par. 4,), but whether effective here depends upon when it began to

run. In this connection it will be noted that plaintiff Goff testified at the trial:

"Q. Now, isn't it a fact, Mr. Goff, that at least as early as the year 1934, you had knowledge that the Midwest Company had paid in the year 1924 to Frederick G. Bonfils the sum of $200,000? A. (No response). Q. Do you understand the question? A. I had learned that there had been some additional payments made to Mr. Bonfils. Q. When did you first learn that? A. Well, I can't just remember. It was during the year 1934. Q. Well, you said 'some additional payments.' You learned at least as early as some time during that year that $200,000 payments had been made, had you not? A. I think that is correct. * * * Q. So that you did know May 1, 1934, about the $200,000 payments being made to Bonfils, did you not? A. I think so."

Goff had the means at hand at that time of pursuing the matter to a conclusion in determining not only who had the $200,000, but for what purposes it had been paid. At the time he admits he obtained this information, both Bonfils and Tammen were dead. The information he had, should have put plaintiff on "strict requirement of inquiry." Notwithstanding this, he waited more than seven years before instituting this suit. Much is said about the case of *Miller v. Goff,* 100 Colo. 545 (68 P. [2d] 915), in this connection, but in that case the facts were entirely different. Miller and Goff were coadventurers. Both were parties to the 1921 oil leasing contract. Theirs was a confidential relationship which Miller violated and regarding which our court in its opinion said: "This judgment was founded largely by the court upon its conclusion that defendant Miller had violated his duty to his associates or joint adventurers in the enterprise. * * * However, the existing coadventure and confidential relationship between plaintiff and defendant, when defendant had been entrusted with the management of the undertaking, charged him with the duty of a full and complete disclosure." Then, at page

551, the court continues: "Plaintiff was not under the same strict requirement of inquiry as would have been the case had he been dealing with a stranger."

Plaintiff began this action September 13, 1941. He learned about the $200,000 payment in May, 1934, which legally put him on "strict requirement of inquiry." We are of the opinion that this action is barred by the six-years statute of limitation.

The judgment is affirmed.

MR. JUSTICE JACKSON concurs in the result.