**Thomas STJERNHOLM, Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA and Investors Life Insurance Company of North America, Defendants–Appellants,**

v.

**MINNEQUA BANK OF PUEBLO, Colorado, Cross–Claim Defendant–Appellee,**

and

**Colorado National Bank of Denver, Third–Party Defendant–Appellee.**

No. 87CA1717.

Colorado Court of Appeals, Div. I.

Feb. 23, 1989.

Rehearing Denied March 23, 1989.

Certiorari Denied Nov. 13, 1989.

No appearance for plaintiff.

Baker & Hostetler, John N. McNamara, Jr. and Todd L. Lundy, Denver, for defendants-appellants.

Frasher, Trechter, Gradisar & Wilson, James H. Frasher, Jr. and Peterson & Fonda, Daniel C. Kogovsek, Pueblo, for cross-claim defendant-appellee and third-party defendant-appellee.

Opinion by Judge PIERCE.

Defendants, Life Insurance Company of North America (LINA) and Investors Life Insurance Company of North America (Investors), appeal summary a judgment entered in favor of third-party defendant Colorado National Bank of Denver (CNB), and cross-claim defendant, Minnequa Bank of Pueblo (Minnequa). We reverse.

This matter arises from the payment in 1978 and 1979 of two checks totalling $30,-000 drawn on the Minnequa account of Thomas Stjernholm which were payable to LINA. The checks were given to an agent

of LINA in consideration for a single premium annuity. The agent deposited the checks in his own account at CNB, having endorsed them without authorization. CNB collected the $30,000 from Minnequa, who withdrew the funds from Stjernholm's account.

Stjernholm had received an annuity contract, apparently properly signed, from the agent. The unauthorized endorsements were not discovered by Stjernholm until 1984, when he was told that LINA had not issued the annuity contract in his possession. Stjernholm filed suit against LINA, Investors, and Minnequa seeking recovery of his funds. LINA and Investors joined CNB as a third-party defendant and cross-claimed against Minnequa, alleging conversion based on the payments over the forged endorsements.

CNB and Minnequa moved for summary judgment based on the statute of limitations. While the parties agree that six years is the applicable time period, they disagree over the time of accrual. Appellees contend, and the trial court agreed, that the cause of action accrued on the dates of the forged endorsements. Appellants urge that the cause of action accrued when the forgeries were discovered. We agree with appellants.

For cases filed after July 1, 1987, the time of accrual for such a cause of action is the time the conversion is discovered, or should have been discovered by the exercise of due diligence. See § 13–80–108(7), C.R.S. (1987 Repl.Vol. 6A). This action, however, was filed in 1985. We must therefore determine the law as it stood in 1985.

The time of accrual of a cause of action for conversion based upon the payment of an instrument on a forged endorsement for pre-July 1, 1987, cases is a matter of first impression in Colorado.

We are cognizant of the fact that most other states faced with this problem, have selected the date of the forged endorsement as the beginning date for the running of the statute of limitations. The rationale of these decisions is summed up in § 4–4–406, C.R.S. (Official Comment 5), which states, in part:

"The three year absolute time limit on the discovery of a forged endorsement should be ample, because in the great preponderance of cases the customer will learn of the forged endorsement within this time and if, in any exceptional case, he does not, the balance in favor of a mechanical termination of the liability of the bank outweighs what few residuary risks the customer may still have."

In this state, however, whenever such conflicts between the rights of an individual to obtain redress has come into conflict with the interests of the flow of commercial transactions, our public policy has favored the rights of the individual.

We have consistently favored the date of discovery rule for numerous causes of action, including money had and received, fraud, professional malpractice, and breach of trust. See Goff v. Plains Securities Corp., 116 Colo. 468, 183 P.2d 262 (1947) (plaintiff put on inquiry in 1934 with respect to moneys paid in 1924; cause of action accrued in 1934); Miller v. Goff, 100 Colo. 545, 68 P.2d 915 (1937) (action for fraud was filed within three years of discovery thereof and therefore within a statute of limitations); Owens v. Brochner, 172 Colo. 525, 474 P.2d 603 (1937) (cause of action for professional negligence accrues when patient discovers or should have discovered the doctor's negligence); Cliff v. Cliff, 23 Colo.App. 183, 128 P. 860 (1912) (time for statute begins to run from actual constructive knowledge of constructive trust). Since 1987, that principle has been codified for those actions where such a rule is practicable. See § 13–80–108, C.R.S. (1987 Repl.Vol. 6A). This codification abrogated no prior statute, and overturned no judicial decision. It represents no change in the public policy of this state.

In light of the bias in favor of the date of discovery rule evidenced in Colorado, we are not convinced by appellees' recitation of cases from other jurisdictions holding otherwise.

Thus, we hold that the cause of action at issue here accrued when it was discovered

by Stjernholm in 1984, and accordingly, it was not barred by the applicable statute of limitations.

The judgment is reversed and the cause is remanded for further proceedings.

SMITH and MARQUEZ, JJ., concur.