KNOLL, J.,
dissenting.
| jWith all due respect, I dissent. This Court has repeatedly applied the discovery rule to toll the prescriptive period where the plaintiffs cause of action is not known or reasonably knowable by the plaintiff. There is no provision of either the Uniform Commercial Code (“U.C.C.”) or the Louisiana U.C.C. which precludes the application of the discovery rule to the instant case.
In Daube v. Bruno, 493 So.2d 606, 609 (1986), this Court held a conversion claim under the Louisiana U.C.C. constitutes a delictual action. Louisiana courts have consistently applied the discovery rule to a wide variety of tort claims,[1] including non- *592 U.C.C. conversion claims.[2] As the present case concerns a tort claim, I can see no reason, given the jurisprudence of this Court, why the discovery rule should not apply with equal force to Specialized’s claim. See DeHart v. First Fidelity Bank, N.A./South Jersey, 67 B.R. 740, 745 (D.N.J.1986) (“This court does not perceive any pragmatic or metaphysical distinction between this [U.C.C. conversion] case and those where the discovery rule has been applied.”); Husker News Co. v. Mahaska State Bank, 460 N.W.2d 476, 479 (Iowa 1990) (Larson, J., dissenting) (“[This] is a tort case, and we have consistently held that the discovery rule should be applied in tort cases.”).
While the present case presents a claim under the Louisiana U.C.C., this fact alone does not mandate a different outcome. The U.C.C. provides “[u]nless displaced by the particular provisions of [the U.C.C.], the principles of law and equity ... shall supplement its provisions.” U.C.C. § 1-103. Similarly, La.Rev.Stat. § 10:1-108(b), titled “applicability of supplemental principles of law,” states “[u]nless displaced by the particular provisions of this Title, the other laws of Louisiana supplement its provisions.” Further, the official comments to U.C.C. § 3-118, which provides the prescriptive period for conversion claims, note “the circumstances under which the running of a limitations period may be tolled is left to other law pursuant to Section 1-103.” U.C.C. § 3-118, cmt. 1. Therefore, the U.C.C. expressly permits courts to toll the prescriptive period for a conversion claim in accordance with state law. See Paul J. Jaskot, Recent Decision, Menichini v. Grant, 995 F.2d 1224 (3d Cir.1993), 67 Temp. L.Rev. 417, 434 (1994) (“the drafters of the U.C.C. never prohibited individual states from applying equitable principles to toll an applicable statute of limitations.”).
As there is no provision of the U.C.C. or the Louisiana U.C.C. which specifically prohibits the application of the discovery rule to U.C.C. conversion claims, the discovery rule may be applied to the instant case, provided its application would comply with Louisiana law. See DeHart, 67 B.R. at 745; Stjernholm v. Life Ins. Co. of N. Am., 782 P.2d 810, 811-12 (Colo.Ct.App.1989); Jaskot, supra, at 430 (“Absent an explicit provision, the discovery rule’s | «¡inherently equitable application should be denied only where its use does not comport with the [state] courts’ use of the rule.”).
While a majority of courts have held the discovery rule does not apply to U.C.C. conversion claims, a significant number of courts have reached the opposite conclusion.[3] Moreover, while courts may extend *593 deference to other states’ U.C.C. decisions, “courts should determine the outcome of U.C.C. cases in accordance with the Code’s text and related interpretive aids, regardless of the previous interpretations of other courts.” Jaskot, supra, at 428-29 (citing White & Summers, Uniform Commercial Code § 4, at 18 (3d ed.1988)).
Significantly, the policy reasons cited by courts prohibiting the discovery rule are inapplicable to the present case. These courts, like the majority in the present case, have noted (1) the need for finality and certainty in transactions involving negotiable instruments; (2) the need for uniformity; and (3) the presumption that victims of conversion are in the best position to detect the loss. See, e.g., Menichini v. Grant, 995 F.2d 1224, 1229 (3d Cir.1993); Pero’s Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 623-24 (Tenn.2002); Husker News, 460 N.W.2d at 478.
The need for finality and certainty favors the strict application of prescriptive periods in all cases, not just U.C.C. conversion claims. See Husker News, 460 N.W.2d at 479 (Larson, J., dissenting). It has not been our jurisprudence, however, to strictly and mechanically apply prescriptive periods in all cases. Rather, this Court has applied the doctrine of contra non valentem, “[t]o |4soften the occasional harshness of prescriptive statutes.” Carter v. Haygood, 04-0646, p. 11 (La.1/19/05); 892 So.2d 1261, 1268. Indeed, we have noted contra non valentem is “notably at odds with the public policy favoring certainty underlying the doctrine of prescription.” Jenkins v. Starns, 11-1170, p. 18 (La.1/24/12); 85 So.3d 612, 623. Yet, we have repeatedly subordinated the need for finality and certainty in the interest of fairness. See Wells v. Zadeck, 11-1232, p. 9 (La.3/30/13); 89 So.3d 1145, 1150 (“The courts [] weigh the ‘equitable nature of the circumstances in each individual case’ to determine whether prescription will be tolled.”) (quoting Plaquemines Parish Comm’n Council v. Delta Dev. Co., Inc., 502 So.2d 1034, 1056 n. 52 (La.1987)).
Additionally, permitting the discovery rule in the instant case would not impede commerce in any way. Specialized’s litigation does not concern the finality of a commercial transaction. Rather, Specialized’s claims simply allege negligence by Capital One in cashing the check. Permitting Specialized to pursue its claims does not alter the finality of a commercial transaction. As the check has been negotiated, the transaction is final.
While establishing uniformity in commercial law among various jurisdictions is an overarching goal of the U.C.C., the U.C.C. by its own terms leaves open the possibility that a state could apply its own law to toll the prescriptive period on a conversion claim. U.C.C. § l-103(a) & (b); U.C.C. § 3-118 cmt. 1. Additionally, almost every other state has adopted the three-year prescriptive period of U.C.C. § 3-118 for conversion claims, while La. Rev.Stat. § 10:3-420 provides only one-year. Specialized’s claim against Capital One would be timely in every other state, but not Louisiana. Thus, the U.C.C.’s goal of uniformity would not be achieved if the discovery rule is prohibited in the instant *594 case. Cf. Cromwell v. Commerce & Energy Bank of Lafayette, 464 So.2d 721, 730 (La.1985) (“The U.C.C. was adopted in Louisiana in an effort to harmonize the commercial law of Louisiana with that of the other states.”).
Further, a number of courts which have rejected the discovery rule have reasoned the limitations period of three years provides sufficient time for a plaintiff to discover the conversion and bring suit, even without the benefit of the discovery rule. See Kuwait Airways Corp. v. American Sec. Bank, N.A., 890 F.2d 456, 461 (D.C.Cir.1989) (“[A]n ordinary business could have detected the siphoning off of funds within a three-year period of their conversion.”); Pero’s, 90 S.W.3d at 624 (“[Tjhree years should be more than ample time for a plaintiff to discover a conversion claim.”); Palmer Mfg. & Supply, Inc. v. BancOhio Nat’l Bank, 93 Ohio App.3d 17, 22, 637 N.E.2d 386, 389-91 (1994) (“[Fjour years is ample time for a prudent business or individual, exercising due diligence, to discover a forgery and bring an action for conversion.”). Effectively, the U.C.C. and the commercial law of the other forty-nine states provide a “built-in” discovery period to provide sufficient time for victims of conversion to detect the loss and bring their claims. This reasoning is inapplicable to the instant case as Louisiana provides only a one-year prescriptive period.
Finally, we cannot presume Specialized was in the best position to detect the loss in the instant case. Specialized did not issue the check and was not the depository bank; it had no authority to monitor or control the finances of January, American Security, or Assurant. As the check was not drawn on Specialized’s account, it could not have learned of the conversion simply by checking its own bank accounts. Under these circumstances, Capital One was in a better position to detect the conversion.[4]
| fiConsequently, under our jurisprudence, the discovery rule should apply to toll the one-year prescriptive period in the present case. Specialized did not have a reasonable basis to pursue a claim against Capital One until August 27, 2009, when American Security notified Specialized January had cashed the insurance check. See Jordan v. Employee Transfer Corp., 509 So.2d 420, 424 (La.1987) (prescription begins to run “when plaintiff has reasonable basis to pursue claim against specific defendant.”). As noted above, Specialized did not issue the check, it did not possess the check, the check was not drawn on its account, and Specialized had no power to monitor defendants’ finances. Although Capital One argues Specialized was aware January possessed the check prior to the conversion and had no intention to relinquish control, the mere apprehension something could be wrong is insufficient to begin the running of prescription. In re Medical Review Panel of Howard, 573 So.2d 472, 474 (La.1991). Accordingly, contra non valentem should apply to toll prescription until August 27, 2009, the date of discovery.
The majority’s holding unnecessarily contradicts our long-standing jurisprudence that has applied the discovery rule to tort claims where the cause of action is *595 not known or reasonably knowable by the plaintiff. There is no provision of either the U.C.C. or the Louisiana U.C.C. prohibiting application of the discovery rule to the present case. Both the U.C.C. and the Louisiana U.C.C. permit the application of supplemental principles of law to U.C.C. claims, and the comments to the U.C.C. expressly provide a state may apply its own law to toll the prescriptive period for a conversion claim. The policy reasons cited by the majority and other courts would not be served by prohibiting the application of the discovery rule to the present case. Accordingly, I see no reason for treating Specialized’s case differently from any other tort case. It is simply unfair to |7prohibit the discovery rule ■for Specialized’s conversion claim, as Specialized undoubtedly lacked the ability to detect its loss. I feel therefore I must dissent.

. See, e.g., Cole v. Celotex Corp., 620 So.2d *592 1154 (La.1993) (asbestos exposure); Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987) (redhibition).

. See Martinez Mgmt., Inc. v. Caston, 39,500 (La.App. 2 Cir. 4/13/05); 900 So.2d 301 (cause of action against bookkeeper began to run when employer actually learned of bookkeeper's conversion); Johnson v. Concordia Bank & Trust Co., 95-1187 (La.App. 3 Cir. 3/27/96); 671 So.2d 1093 (prescription on conversion claim against bank for wrongfully disbursing interest to tutor was suspended during tutorship); see also Dugas v. Thompson, 11-0178 (La.App. 4 Cir. 6/29/11); 71 So.3d 1059; Gallant Invs., Ltd. v. Illinois Cent. R.R. Co., 08-1404 (La.App. 1 Cir. 2/13/09); 7 So.3d 12; Metro Elec. & Maint., Inc. v. Bank One Corp., 05-1045 (La.App. 3 Cir. 3/1/06); 924 So.2d 446; Thornton v. City of Shreveport, 38,025 (La.App. 2 Cir. 1/28/04); 865 So.2d 242 (all analyzing application of discovery rule, but finding it inapplicable under the facts of the case).

. See Mauldin Furniture Galleries v. Branch Banking & Trust Co., No. 6:10-240-TMC, 2012 WL 3680426, at ⅜4-5 (D.S.C. Aug. 27, 2012); Fine v. Sovereign Bank, No. 06-cv-11450-NG, 2010 WL 3001194, at ⅜5 (D.Mass. July 28, 2010); YF Trust v. JP Morgan Chase Bank, 2008 WL 4277902, at ⅜3-4 (D.Ariz. *593 Sept. 18, 2008); DeHart v. First Fidelity Bank, N.A./South Jersey, 67 B.R. 740, 743-46 (D.N.J.1986); LaCombe v. Bank One Corp., 06-1374 (La.App. 3 Cir. 3/7/07); 953 So.2d 161, 163-64, writ denied, 07-0746 (La.6/1/07); 957 So.2d 177; Geraldo v. First Dominion Mut. Life Ins. Co., 2002 WL 31002770 at *4 (Ohio Ct.App. Sept. 6, 2002); Gallagher v. Santa Fe Fed. Employees Fed. Credit Union, 132 N.M. 552, 52 P.3d 412, 417 (N.M.App.2002); UNR-Rohn, Inc. v. Summit Bank, 687 N.E.2d 235, 241 (Ind.Ct.App.1997); Stjernholm v. Life Ins. Co. of N. Am., 782 P.2d 810, 811-12 (Colo.Ct.App.1989); Branford State Bank v. Hackney Tractor Co., 455 So.2d 541, 542 (Fla.Dist.Ct.App.1984) (per curiam).

. The majority notes there is evidence indicating Specialized was aware of the conversion in February 2010, five months before the end of the one-year prescriptive period in July 2010. Op., p. 588 n. 4. The majority seems to suggest, as Specialized knew of the conversion before the end of the prescriptive period, it cannot benefit from the discovery rule. Our jurisprudence, however, does not require certain plaintiffs to file their claims immediately or earlier than other plaintiffs. Under the discovery rule, Specialized was simply required to file its claim one-year from the date it learned of the conversion, which it did.